MORRIS WILSON, APPELLEE, V. JOHN ROBERTS, APPELLANT.

FILED NOVEMBER 8, 1893. No. 5891.

Review in Trial Court: WAIVER OF RIGHT TO APPEAL. Where, in an equitable proceeding, the unsuccessful party secures a re-examination by the district court of the questions at issue, upon an application in the nature of a bill of review, although by motion, instead of a petition, he will be held to have waived his right to appeal from such decree.

MOTION by appellee to dismiss appeal from the district court of Lancaster county. Heard below before TIBBETS, J. *Motion sustained.*

*Halleck F. Rose*, for the motion.

*Samuel J. Tuttle*, contra.

POST, J.

This was a proceeding in equity for the purpose of stating an account between the parties who had been engaged as partners under a contract with the state in removing the boilers and heating apparatus from the basement of the capitol building, and resetting them in the building now used as an engine house. A decree was entered by the district court on the 23d day of November, 1891, in which an account was stated between the parties, and a judgment entered for the plaintiff in the sum of $385 and costs, being the balance found in his favor.

On the 9th day of December following, the defendant filed a motion to modify the judgment aforesaid, of which the following is a copy :

"Comes now the said defendant, John Roberts, and moves the court herein to vacate and modify the judgment heretofore entered in the above entitled cause, to correct and allow defendant for the several matters and things hereinafter particularly specified, as shown by the several items and vouchers hereto attached and made a part hereof."

The items and vouchers referred to in the motion do not appear from the transcript, but it is asserted by the defendant that they relate exclusively to matters within the issues presented by the pleadings and considered by the court on the former hearing of the case. On the 18th day of June, 1892, an order was made sustaining the above motion, the record thereof being as follows:

"MORRIS WILSON<br>    v.<br>JOHN ROBERTS.

"Now on this day came the parties hereto with their attorneys, and this cause now comes on to be heard upon the motion of the defendant to modify the decree heretofore entered herein, and the court on due consideration whereof does sustain said motion to modify the judgment and de-

cree heretofore entered herein, and it is by the court ordered that the judgment and decree entered herein on the 23d day of November, 1891, and of record at page, 549 of Court Journal X of the records of this court, be and the same is hereby modified to the extent that a judgment be entered herein as of this date, in favor of the plaintiff and against the defendant, for the sum of $362.25, instead of the sum of $385, as in said former decree so modified to stand. To all of which the plaintiff and defendant duly and severally except, and forty days from the rising of the court are hereby given each of them to reduce their exceptions to writing."

The appeal was taken December 19, 1892. The plaintiff now moves to dismiss the appeal on the ground that it was not taken within the time prescribed by law, and that this court is without jurisdiction of the action. It is evident that the appeal should be dismissed unless, as contended by defendant, the six months allowed therefor should be reckoned from the modification of the judgment instead of the date of the original decree.

It should be remarked in this connection that the plaintiff objected to the consideration of the motion to modify because it was in effect a proceeding to review the original decree and to correct errors occurring at the trial. It is apparent from the record that the object of the motion was to secure a review of the original decree by the district court.

By his election to review the decree in the district court the defendant must be held to have waived his right to an appeal therefrom. Such is the settled and salutary rule, and one sanctioned by abundant authority. (See *Indiana Mutual Fire Ins. Co. v. Routledge*, 7 Ind., 25; *Harvey v. Fink*, 111 Ind., 249; *Commonwealth v. Masonic Temple Co.*, 87 Ky., 349; Elliott, App. Proc., sec. 149.)

The question of the right of appeal from the order modifying the decree is not presented by the record, since the

judgment complained of is evidently the one rendered November 23, 1891, as subsequently modified.    The modification thereof was in the defendant's interest, and made upon his motion, and of which he will not now be heard to complain. · The question of the regularity of the proceeding to review upon motion of the defendant is not material in view of the conclusion announced above.    The motion to dismiss is sustained.

APPEAL DISMISSED.