WILLIAM H. FIELD *et al.* *vs.* GREAT WESTERN ELEVATOR CO.

Opinion filed April 26th, 1897.

**Waiver of Appeal.**

> By appealing from a judgment of a county court to the District Court, the appellant waives his right to appeal from such judgment to the Supreme Court, and such waiver is irrevocable.

Appeal from Ransom County Court; *Allen, J.*

Action by William H. Field and Clarence B. Wisner against the Great Western Elevator Company. Judgment for defendant and plaintiff's appeal.

Dismissed.

*Edward Engerud*, for appellants.
*P. H. Rourke*, for respondent.

CORLISS, C. J. The motion to dismiss this appeal must be granted. The case was originally tried in the county court of Ransom county. The plaintiff in the action having been defeated

in that court, he had before him, under the statute, either of two courses to pursue: he could appeal to the District Court, or he could appeal to the Supreme Court. Rev. Codes, § 6591. But both of these remedies were not open to him. They are inconsistent. It is one of the very elements of the law that, when a suitor reaches the parting of the ways in the pursuit of inconsistent remedies, he must elect which road he will follow. The first step taken is an election, and the election, when made, is irrevocable. Elliott, App. Proc. § 149; 2 Enc. Pl. & Prac. 179, 180; 7 Enc. Pl. & Prac. 364; *Wilson* v. *Roberts*, 38 Neb. 206, 56 N. W. Rep. 787; *Harvey* v. *Fink*, 111 Ind. 249, 12 N. E. Rep. 396; *Insurance Co.* v. *Routledge*, 7 Ind. 25; *Insurance Co.* v *Carpenter*, 85 Ind. 350, and cases cited. The plaintiff made his election to have his case reviewed by the District Court by appealing to that court. After perfecting his appeal, he had it dismissed on his own motion. Whether he could thereafter have appealed again to the District Court, if that dismissal had been without prejudice to his right to take a second appeal, it is unnecessary to decide. When he made his election to appeal to the District Court, he took all the risks incident to an appeal to a higher tribunal; and if, because he discovered through some mistake in practice he was not in a position to derive any benefit from the appeal, he voluntarily dismissed it, that can have no bearing on the question of election. After he had taken his appeal to the District Court, he was in the same position that he would have occupied had there existed no statute whatever authorizing an appeal to the Supreme Court. When the former appeal in this case was dismissed on the ground stated in the opinion of the court, 5 N. D. 400 (67 N. W. Rep. 147), we refrained from expressing any view on the question we have been considering in this opinion. That decision did not settle the question of election of remedies, for the reason that it was unnecessary at that time to pass on that point in order to decide the motion to dismiss then presented. We have assumed in this decision that the amount in controversy in the county court was at least $250. If it was

less than that sum, no question of election would arise. No right of appeal to the Supreme Court exists where the amount in controversy is less than $250. Rev. Codes, §6591. Whether, therefore, the amount was $250 or less than that sum, it is clear that the motion to dismiss should be granted. All concur.