STATE OF MISSOURI, at the Relation and to the Use of J. S . LIVESAY et al., Appellants, v. J. P. HARRISON et al., Respondents.

**St. Louis Court of Appeals, February 17, 1903.**

1. **County Clerk:** SALE OF A FORGED WARRANT.   The act of a county court clerk in selling, at a discount, a warrant forged by him is not an exercise of official duty, nor a transaction in which he acted under color of his office, so as to render his bondsmen liable to the purchaser under a condition in the bond that the clerk "shall faithfully perform the duties of his office."

2. ——: ——: ASSIGNMENT OF A FORGED WARRANT BY COUNTY CLERK: LIABILITY OF BONDSMEN TO ASSIGNEE. Where a county clerk, having forged a warrant, sells the same to a purchaser, executing an assignment in the purchaser's presence, consisting of an indorsement of the name of the payee by him, the purchaser acquires no rights enabling him to maintain suit on the clerk's bond, the assignment not being in statutory form, and ineffectual to convey title.

Appeal from Phelps Circuit Court. — *Hon. Leigh B. Woodside,* Judge.

AFFIRMED.

*L. F. Parker* for respondents.

It is unnecessary to multiply authorities to this court, supporting the doctrine that sureties will be held liable only according to the strict letter of their bond. The rule is well settled both by the text-books and by the decisions of this court. Brandt on Suretyship and Guaranty, secs. 393-396; Nofsinger v. Hartnett, 84 Mo. 549; Bauer v. Cabanne, 105 Mo. 110. The statutes of this State have thrown around the treasuries of its several counties very stringent safeguards and protection, so that it is impracticable that the wrong of any one officer can result in loss to the county.

*Thos. M.* and *Cyrus H. Jones* for appellants.

(1) This cause of action arose from the forging of a county warrant by John P. Harrison, county clerk. The judgment under the finding of the facts by the court should have been for the appellants, because the court found as a fact that the warrant in question was forged, and that the forging was committed by John P. Harrison, as county clerk. Where a county clerk forges a county warrant he does so by virtue and under color of his office, and his bond being conditioned for the faithful performance of the duties of his office, the securities thereon are liable for such wrongful and unfaithful acts. People v. Campbell, 154 Ill. 595; People v. Spindler, 154 Ill. 638; State of Ohio v. Alden, 12 Ohio St. 59; Crickett v. State, 18 Ohio St. 9. (2) The holder of a valid county warrant, even though improperly assigned, can recover on the same by a bill in equity. Craig v. Mason, 64 Mo. App. 342, and cases cited. (3) But since the warrant was a forgery, it was void, worthless and one of no value. This being true there was no title to pass by any assignment that could have been made, however formal, and hence the declara-

tion is erroneous on that ground.    People v. The Board
of Supervisors 11 Cal. 170.    The word "assignment"
means, anything subject to lawful transfer.    Ander-
son's Law Dictionary, page 82; Thacker v. Henderson,
63 Barb. 279.    By the word "void" we mean, of no
legal force, null, incapable of confirmation or ratifica-
tion.    Inskeep v. LeComy, 1 N. J. L. 112; Anderson's
Law Dictionary, 1092; Universal Dictionary, 5094; U.
S. v. Grossmeyer, 9 Wall. 75; Ewell v. Dawdges, 108
U. S. 148; Johnson v. School District, 67 Mo. 332.

REYBURN, J.—This is an action upon the official
bond of John P. Harrison, as clerk of the county court
of Phelps county, of date November 24, 1894, executed
to the State of Missouri, as obligee, by John P. Har-
rison, as principal, and his co-defendants John P.
Kaine, Joseph Campbell and B. L. Knapp, as sureties,
in the sum of six thousand dollars, and conditioned as
follows:

"The condition of the above bond is such, however,
that whereas, the said John P. Harrison was on the
6th day of November, 1894, duly elected to the office of
clerk of the county court of the county of Phelps, in
the State of Missouri, and has been duly commissioned.
Now, therefore, if the said John P. Harrison *shall faith-
fully perform the duties of his office* and pay over all
money which may come into his hands by virtue of his
office and shall himself or by his executors or adminis-
trators deliver to his successor safe and undefaced all
the books, records, papers, seals, apparatus and furni-
ture belonging to such office, then this obligation shall
be void; otherwise to remain in full force and effect."

The breach assigned sets forth that defendant
Harrison, as such clerk of the county court of Phelps
county, Missouri, while acting as such clerk, under
color and by virtue of his office, on November 2, 1897,
unlawfully and wrongfully issued, forged and falsely
made a false and forged county warrant, No. 138, pur-

porting to be drawn on the pauper fund of Phelps county, Missouri, by order of the county court of said Phelps county, for $444.45, to which false and forged county warrant Harrison attached his official signature as clerk of such court, thereby pretending to attest as genuine the false and forged signature of John Wolfe, presiding judge of such court to the warrant, which signature of such judge, Harrison did forge to the warrant, and that he wrongfully attached the seal of such county court to the warrant and afterwards as such clerk presented it to the county treasurer and had it registered and attested; and thereafter, as such clerk of the county court of Phelps county, he uttered and published the warrant and offered it to plaintiffs as a true, valid and genuine county warrant for sale, and plaintiffs, relying upon the fact that the official seal of the county court was attached thereto, and that it bore the official signature of Harrison as clerk of the county court, pretending to attest the validity and genuineness of the warrant, and that the defendant Harrison as clerk of such court had presented and had the warrant duly registered with the county treasurer, and the warrant being in the hands of Harrison as clerk of the county court of Phelps county, and relying upon the official representations of Harrison as such clerk that the warrant was valid and genuine, the plaintiffs purchased it from Harrison and paid him $444.45 therefor. That by reason of such warrant having been falsely made, forged, sealed and attested by Harrison, the clerk of the county court of Phelps county, it was worthless and constituted no liability against Phelps county whatever, and that by such forgery of the warrant by the county clerk plaintiffs lost the sum paid therefor, and have been damaged by such unfaithful acts of Harrison, county clerk, in the amount named.

The answer of the sureties (no service having been had on the principal Harrison) admitted the execution of the bond and its approval by order of the county

court, but denied all other allegations of the petition. The answer further plead in bar that another action had been brought in the name of the State of Missouri at the relation and to the use of the county of Phelps against the same defendants herein for alleged breaches of the same bond, on which judgment was rendered in favor of plaintiff and against these defendants for the penalty of the bond with damages assessed for $2,500. That in such action, among other breaches assigned, it was charged that on the 2d of November, 1897, there was presented to the county court of Phelps county by the State Lunatic Asylum No. 1 of Fulton, Missouri, for allowance, a bill for keeping of the insane poor of Phelps county in said asylum in the sum of $144.40, which bill was by the court allowed in that sum by warrant No. 136, and defendant was by the said court directed to forward said sum to said asylum, and it became and was his duty, as such officer and clerk of such county court so to do; that in violation of his duties as such clerk he failed and neglected to obey the directions of such county court in that behalf, and on the contrary cashed such warrant and embezzled and fraudulently converted the proceeds to his own use; that such warrant and the proceeds thereof came into such defendant's hands as clerk and officer of such county court, and by virtue of his office, and that he embezzled and converted the same to his own use in violation of the orders and instructions of such county court and his duties as such clerk, to the damage of the county of Phelps in the sum of $144.40, which warrant was the same warrant referred to in plaintiff's petition. The reply was a general denial and the cause was tried before the court.

The testimony disclosed that at the general election in 1894, John P. Harrison was elected clerk of the county court of Phelps county and gave bond with respondents as his sureties in the sum of $6,000, entered on the duties of his office January 1, 1895, and served

until January 8, 1898; that at the November term, 1897, of the county court of Phelps county, among other bills presented to the county court for allowance, was a quarterly bill from W. D. Thomas, Treasurer of the Fulton Lunatic Asylum, for the keeping of insane paupers, for $144.40, which was allowed by the court and a warrant ordered issued to W. D. Thomas therefor, and on November 2d, after this bill had been allowed by the court, Harrison issued a warrant, numbered 138, for the amount payable to W. D. Thomas, treasurer of the Fulton Insane Asylum, which was entered on the warrant register by Harrison, but which was subsequently probably destroyed by him; that after the issuance of warrant No. 138 for $144.40, and without any authority of the county court, Harrison issued another warrant of the same number for $444.45, also payable to W. D. Thomas, treasurer of the Fulton Asylum, and altered the warrant register in which he had registered warrant No. 138 for $144.40, and changed the amount of that warrant on the register so as to make the warrant appear to have been registered as $444.45, but such change on the register being clearly perceptible. He also took the warrant book and changed the amount in like manner on the stub of the warrant which he had issued for $144.40, making it correspond to the change on the warrant register, and to the warrant for $444.45 he forged the name of John Wolfe, presiding judge of the county court, attested such forged signature by his own official signature, attached the seal of the county court to such forged warrant, presented it on November 17th to the county treasurer, and caused it to be protested for want of funds. On the same day he offered it for sale to the relators in this action, merchants of Rolla, and sold it to them at ninety-five cents on the dollar, receiving in payment his personal note for $30, held by the purchasers, and a check payable to himself individually for the balance of the purchase price. Neither the warrant for $144.40, nor the forged warrant

had ever been delivered to or in any manner assigned by W. D. Thomas, but when sold the fraudulent warrant was indorsed in blank in Harrison's handwriting "W. D. Thomas, by John P. Harrison," which indorsement was written in the presence of the purchaser of the warrant at the time it was purchased, and without any authority in Harrison to sign the name of Thomas to this assignment. The original warrant was never presented, and was either destroyed or falsified so as to become the warrant involved in this controversy, but the bill of Thomas was paid by the county and the county sued these defendants, sureties on the same bond for the money thus paid, and recovered judgment therefor, which judgment was paid and satisfied. Upon these facts the court held that plaintiff was not entitled to recover, declaring the law to be as follows:

"The court declares the law to be that under the laws of this State no person can draw money out of the county treasury on a county warrant except the payee thereof, an assignee to whom such warrant has been duly assigned in writing, signed by the payee thereof, or the executor or administrator of some such person; and that any person purchasing a county warrant, unless it is duly assigned as required by law obtains no right thereunder if the warrant were valid, and would obtain no cause of action against the securities of such clerk's bond if a forgery. That the sale of a county warrant either valid or invalid is no part of a clerk's duty of such office; and that this cause of action arises from the purchase of said warrant, and the plaintiffs upon the facts are not entitled to recover."

The appellants asked six declarations of law, presenting in different forms the theory that the facts presented constituted an official act and a breach of his official obligations as clerk, and the violation of his official bond, and especially that condition thereof providing that he should faithfully perform the duties of his office.

The theory presented by relators' claim is that the sale to them of the fraudulent warrant constituted a breach of the official bond of Harrison as clerk of the county court of Phelps county, but the foregoing statement shows that he was not acting in his official capacity in the action complained of. The doctrine contended for by relators and sustained by the authorities cited by them that, when by reason of issuance or execution of a false or fraudulent warrant, a clerk has violated his duty to the county, and the latter has a right of complaint which may mature into a cause of action if the county treasury suffers thereby, has no application to the facts here presented. These relators are in a different attitude from the county and are without ground of complaint until they show their individual rights have been infringed by the wrongful act of the county clerk by virtue of his official position. The sale by the clerk of a warrant constituted no part of his official duty, and in such transaction he was not acting under color of his office, but beyond the duties of his office, and outside of the limits of his legal official authority and while a county court may have the authority to discount or sell county warrants issued for the support and maintenance of insane poor, the clerk as such has no such power, and is obligated to perform no such duty, and the act of making or attempting to make such sale is one not within the scope of his official duties or authority, nor contemplated when his official bond was given, and therefore not a breach thereof. In making such sale, the clerk, being empowered by the county court, would have been acting merely as its agent to execute the act ordered by that body, and his sureties upon his bond as such would not have been liable for such extraordinary acts as agent of the county court. But in addition thereto, the assignment or attempted assignment of the warrant was not in form prescribed by the statute, and even had it been a valid warrant the purchaser would have acquired no title

thereto, nor could he have maintained any action upon it. The cases cited from other States are confined to instances where by reason of fraudulent warrants, or other official acts, funds have been abstracted from the public treasury, but in this case the county treasury has not suffered, the county is not complaining, nor is the act complained of part of the clerical duties for which the county clerk was elected to perform. The trial court properly held that no breach of the official bond of Harrison was committed, and its judgment will be affirmed. *Bland, P. J.,* and *Goode, J.,* concur.

