## WILLIAM WALSTEIN ET AL. v. J. H. NICHOLSON.

### Decided November 2, 1907.

**1.—Injunction—Motion to Dissolve—Right of Appeal.**

No right of appeal exists from an interlocutory order overruling a motion to dissolve an injunction. Such right exists only from an order granting or dissolving an injunction.

**2.—Injunction—Entry of Record—Appeal.**

An order or judgment granting or dissolving an injunction is entered of record, within the meaning of the statute, when it is written out and signed by the judge and filed with the clerk of the court as part of the record in the case, and to give an Appellate Court jurisdiction of an appeal from such order the transcript must be filed in the Appellate Court within fifteen days from the date of the order or judgment.

Appeal from the District Court of Dallas County. Tried below before Hon. E. B. Muse.

No brief for either party.

BOOKHOUT, ASSOCIATE JUSTICE.—This is an appeal from an interlocutory order of the District Court overruling a motion to dissolve an injunction. The writ of injunction was granted on the 26th day of August, 1907. An original motion to dissolve the injunction was filed on August 30, 1907. A supplemental motion was filed September 27, 1907, and an order of the court overruling the motion to dissolve was entered the same day. The transcript was filed in this court October 11, 1907.

The contention is made that there is no provision in the statute authorizing an appeal from an order refusing to dissolve. an injunction, but such appeal is limited by the words of the statute to the order or judgment *granting* or *dissolving* such injunction.

The only authority for appealing from an interlocutory order granting or dissolving a writ of injunction is embraced in the Act of 1907, amending article 2989 of the Revised Statutes of 1895. See Gen. Laws of 30th Leg. Reg. and First Called Sess., page 206. Sec. 2 of said amended Act provides that, "Any party or parties to any civil suit wherein a temporary injunction may be granted or dissolved under any of the provisions of this title in term time or in vacation, may appeal from the order or judgment granting or dissolving such injunction to the Court of Civil Appeals having jurisdiction of the case; provided, the transcript in such case shall be filed with the clerk of the Court of Civil Appeals not later than fifteen days after the entry of record of such order or judgment

granting or dissolving such injunction." By this proviso the transcript must be filed with the clerk of the Court of Civil Appeals not later than fifteen days after the entry of record of such order or judgment granting or dissolving such injunction. This language is clear, certain and unambiguous. As stated by Mr. Sutherland in his valuable work on Statutory Construction, section 238, "When the meaning of a statute is clear and its provisions are susceptible of but one interpretation, that sense must be accepted as the law; its consequence, if evil, can only be avoided by a change of the law itself, to be effected by the Legislature and not by judicial construction."

On the same subject Mr. Wilberforce, on Statutory Law, p. 116, states the law thus: "It has therefore been distinctly stated from early times down to the present day that judges are not to mould the language of statutes in order to meet an alleged convenience, nor an alleged equity; are not to be influenced by any notions of hardship, or of what in their view is right and reasonable, or is prejudicial to society; are not to alter clear words though the Legislature may not have contemplated the consequence of using them; are not to tamper with words for the purpose of giving them a construction which is 'supposed to be more consonant with justice' than their ordinary meaning." The language of the statute being plain and unambiguous, must be held to express the meaning and intent of the Legislature, that is, that they only intended to authorize an appeal from an order or judgment *granting or dissolving* an injunction and not from an order overruling a motion to dissolve.

We are not aware of any decision by the Supreme or Appellate Courts of this State construing this statute and none has been cited by counsel, but we find a similar statute construed by the Court of Civil Appeals in the case of Fidelity Funding Company of San Francisco et al. v. Hirshfield, 41 Texas Civ. App., 517. In that case there was an appeal from an order of the District Court overruling a motion to vacate an order appointing a receiver. The receiver was appointed on the 22d day of February, 1905. On the 23d day of May, 1905, a motion was filed to vacate the appointment. On the 27th day of May, 1905, the court overruled the motion and defendants appealed. It was contended in the Court of Civil Appeals, upon a motion to dismiss the appeal, that no appeal will lie from an interlocutory order overruling a motion to set aside and vacate an order appointing a receiver, and that an appeal from an order appointing a receiver must be perfected within 20 days from the entry of such order, which had not been done. The statute under consideration in that case was article 1383, Rev. Stats., 1895, which authorizes an appeal from an interlocutory order *appointing* a receiver or trustee in any cause, "provided said appeal be taken within 20 days from the entry of the order." It was held that the statute did not authorize an appeal from an order *overruling* a motion to set aside and vacate an order appointing a receiver, but only authorizes an appeal from the order *appointing* the receiver, and requires that right to be exercised within 20 days from the entry of such order. The language of the statute under consideration is quite similar to the language of the statute under consideration in the case cited

above, and the ruling by the court in that case is authority for our above holding.

In the case of Farwell et al. v. Babcock et al., 65 S. W. Rep., 512, it was held by the Court of Civil Appeals for the Second District that the appeal is properly taken when the order appointing the receiver is filed with the clerk, notwithstanding it may not have been entered on the minutes of the court. A contrary ruling was made by the court for the First District in New Birmingham Iron and Land Co. v. Blevins, 12 Texas Civ. App., 422. In our opinion the order or judgment granting or dissolving an injunction is entered of record within the meaning of the statute under consideration when it is written out and signed by the judge and filed with the clerk of the court as a part of the record in the case. The transcript in this appeal was not filed in this court within fifteen days from the date of the order granting the writ of injunction. This appeal is from the order overruling defendant's motion to dissolve the writ. The statute does not authorize an appeal from such an order. The motion to dismiss is sustained.

*Dismissed.*