## W. S. FURNISH v. J. T. ROBISON, COMMISSIONER OF GENERAL LAND OFFICE.

### No. 2308.   Decided June 4, 1913.

**Mandamus—Jurisdiction of Supreme Court.**

When the answer of respondent in an action brought to obtain writ of
mandamus from the Supreme Court against the head of a department of the
State government raises an issue of fact, the case becomes one beyond the
jurisdiction of the court, and must be dismissed.   Wootan v. Rogan, 96 Texas,
434, followed.   (P. 79.)

Original application by Furnish for writ of mandamus from the
Supreme Court against Robison as Land Commissioner.

Relator based his right upon a judgment recovering the land from
an adverse claimant to whom it had been awarded as purchaser after
relator's purchase had been declared forfeited for failure to comply
with the law as to residence.   This judgment the answer of respondent
alleged to have been obtained by collusion.

*S. S. Searcy,* for relator.

*B. F. Looney,* Attorney General, and *G. B. Smedley,* Assistant, for
respondent.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

Relator seeks a writ of mandamus to the respondent requiring him
to reinstate a purchase of school land which had been awarded to relator
and thereafter declared forfeited.   Respondent answered, setting up
facts which would defeat the relator's right.   This presents a case in-
volving disputed issues of fact, which this court can not try.   Wooten
v. Rogan, 96 Texas, 434.

It is therefore ordered that the case be dismissed.

Justice Hawkins did not sit in this case.

*Dismissed.*