PLATEAU OIL CO. et al. v. CHOATE OIL
CORPORATION. (No. 9777.)*

(Court of Civil Appeals of Texas. Fort
Worth. June 25, 1921. Rehearing
Denied Nov. 5, 1921.)

1. Appeal and error ⊜⇒12—Appeal should be
taken from refusal to dissolve injunction, not
from the granting thereof.

Since Rev. St. 1911, arts. 4644, 4645, as
amended by Acts 36th Leg. (1919) c. 17, give
an appeal from an order overruling a motion
to dissolve an injunction, the appeal should be
from such order, and failure to take it waives
the right to appeal from the original order
granting the injunction.

2. Appeal and error ⊜⇒768—Admission in ap-
pellant's brief held to cure defect of record.

Where it is contended that the appeal
should have been taken from an order refusing
to dissolve an injunction instead of the orig-
inal order granting the injunction, any doubt
as to the authority of the appellate court to
accept an affidavit as to the second judgment
under Vernon's Sayles' Ann. Civ. St. 1914, art.
1593, is removed by acknowledgment in appel-
lant's brief that the second judgment was ren-
dered after hearing.

On Motion for Rehearing.

3. Appeal and error ⊜⇒12—Appeals held in-
consistent.

An appeal from an order issued in chambers
granting an injunction, and an appeal from a
judgment overruling a motion to dissolve the
injunction theretofore granted, are inconsistent
remedies.

Appeal from District Court, Tarrant Coun-
ty; Bruce Young, Judge.

Action by the Choate Oil Corporation
against the Plateau Oil Company and others.
From a decree granting an injunction, de-
fendants appeal. Appeal dismissed.

L. J. Wardlaw, of Fort Worth, and W. H.
Lipscomb, of San Antonio, for appellants.

Fred S. Dudley, of Fort Worth, for ap-
pellee.

BUCK, J. This is an appeal, according to
the transcript on file, from an order and
judgment of the Forty-Eighth judicial dis-
trict court, upon an ex parte hearing, grant-
ing an injunction against the Plateau Oil
Company of Delaware, the Plateau Oil Com-
pany of Texas, their attorney, L. J. Ward-
law, their agent, J. Ben Ross, or any other
agent or employee of said companies, from
selling or in any way disposing of certain
notes and securities held by them, alleged
to belong to the plaintiffs. The Plateau Oil
Company of Delaware and L. J. Wardlaw
have appealed. Appellee has filed a certified
motion in this court to dismiss the appeal
herein, setting up the facts that defendant
Plateau Oil Company of Delaware filed an
answer and a motion to dissolve the injunc-

*Writ of error granted December 21, 1921.

tion theretofore granted, and the motion was
overruled as to defendant Plateau Oil Com-
pany of Delaware, and the injunction or-
dered to remain in full force and effect. No
appeal from this last order and judgment
has been taken.

Articles 4644 and 4645, Tex. Civ. Stats.,
were amended by the Thirty-Sixth Legisla-
ture. See General Laws 36th Legislature, p.
22, providing for an appeal from an order
and judgment overruling a motion to dis-
solve an injunction theretofore granted, pri-
or to that time no appeal lay as to such
order. Walstein v. Nicholson, 47 Tex. Civ.
App. 358, 105 S. W. 207; Gregory v. Houston
Oil Co. of Texas, 154 S. W. 236. Prior to
this amendment it was held that a party
against whom an injunction had been grant-
ed did not lose his right of appeal therefrom
by making a motion to dissolve the injunc-
tion, which latter motion was overruled.
Jeff Chaison Townsite Co. v. McFadden,
Wiess & Kyle Land Co., 56 Tex. Civ. App.
611, 121 S. W. 716. But in this decision
the court says:

"It would have been better if the act in ques-
tion had in fact given the right of appeal from
an order refusing to dissolve, instead of from
the order granting the injunction, which would
have allowed a presentation of the case on ap-
peal upon the petition, answer, and such evi-
dence in addition as was heard on the motion
to dissolve, instead of the naked allegations of
the petition."

[1] But since the Legislature has specifi-
cally given the right of appeal from an order
overruling a motion to dissolve an injunction,
we are inclined to think defendants have
waived their right in this case to appeal
from the original order granting the injunc-
tion. There has been an election of rights,
and the litigant is bound by the election.
Williston on Contracts, vol. 2, § 679, subd. 2,
and section 683.

[2] If there should be any doubt about
our authority to accept an affidavit as to
the second judgment, under article 1593, V.
S. Tex. Civ. Stats., such doubt is removed
by the acknowledgment in appellant's brief
that the second judgment was rendered after
a hearing.

For the reasons indicated, the appeal is
dismissed.

On Motion for Rehearing.

[3] We think the two remedies, an appeal
from an order issued in chambers granting an
injunction, and an appeal from a judgment over-
ruling a motion to dissolve the injunction there-
tofore granted, are inconsistent remedies. In
the first instance only the sufficiency of the pe-
tition is to be determined, while in the second
the petition, the answer, and the evidence heard
are before the trial court and the appellate
court. The fact that the end sought is the
same in both instances does not make the
means by which that end is to be reached con-
sistent. Where one has the right to appeal to
one of two courts, by an appeal to one he ir-

revocably elects to pursue his remedy there, and cannot afterwards appeal to the other. 9 R. C. L. p. 961; Field v. Elevator Co., 6 N. D. 424, 71 N. W. 135, 66 Am. St. Rep. 611. So we think that a litigant, who has the choice of appealing from a peremptory order of the court, in a proceeding in which he was not present and had no opportunity to be heard or to introduce evidence, and elects rather to file his answer and go into the evidence, cannot, after an unfavorable judgment upon such hearing, go back and appeal 'from the first order.