## L. A. SHERMAN ET AL. V. W. GREGORY HATCHER, STATE TREASURER.

No. 4877.   Decided November 9, 1927.
(299 S. W., 227).

*King, Battaile & Sonfield,* for relators.

"Indebted to the State," as used in Art. 4350, never has been held to mean a claim for unliquidated damages.   Merriman v. Swift & Co., 204 S. W., 775; Wing v. Slater, 19 R. I., 597; Schuler v. Henry, 42 Colo., 367; Dunsmoor v. Furstenfeldt, 88 Cal., 522; Pettibone v. Toledo, C. & St. L. R. Co., 148 Mass., 411; Bronson v. Siverson, 88 Wash., 264; Louisville & N. R. Co. v. Wallace, 91 Tenn., 35.

### ON MOTION FOR REHEARING.

We are constrained to the opinion that the Comptroller having issued these warrants—and the statute invoked by respondent relating solely to the issuance of warrants—that the warrant having once issued by the proper authority was tantamount to a finding by that authority invested with the discretion and duty of determining the question of indebtedness that no indebtedness existed, and that it did not lie in the mouth of the Treasurer to question the official act of the Comptroller—but assuming the Treasurer is vested with such

authority and can challenge the acts of the Comptroller—relators say that as a matter of law no indebtedness on the part of relators exists which would bar their right to the issuance of these warrants in the first instance and the payment of them in the second, unless this Honorable Court is going to prejudge the case in suit in the District Court of Travis County—and hold that the mere institution of a suit, whether sounding in tort or contract, creates an indebtedness in the defendants to that action—a position most unsound and untenable.

*Claude Pollard,* Attorney-General; *Allen Clark* and *Braun Fuller,* Assistants; *J. D. Moore,* District Attorney, and *Roy C. Archer,* County Attorney, for respondent.

Mr. JUDGE SPEER delivered the opinion of the Commission of Appeals, Section B.

The Attorney-General's brief is so commendably short and so accurately states the case that we reproduce it in full:

"This suit was commenced by the filing of an application by relators for leave to file petition for mandamus as an original proceeding in the Supreme Court of this State. Leave was granted by the Supreme Court to file the mandamus against respondent herein. The petition for mandamus was then filed and as is shown by said petition, relators are claiming that the State of Texas is indebted to them in the sum of approximately Twenty-one Thousand Six Hundred Sixty-six and 68/100 ($21,666.68) Dollars, and that warrants have been issued covering this amount but that the respondent herein has failed and refused to pay the same. Respondent herein answered, among other things, that there is now pending in the District Court of Travis County, Texas, a suit brought by the State of Texas against the relators herein, by which suit the State of Texas is contending that relators herein are indebted to it in the sum of approximately Twenty-two Thousand One Hundred Seventy-six and 16/100 ($22,176.16) Dollars. As a part of his answer respondent attached certified copy of plaintiff's petition in cause No. 42192, styled State of Texas v. L. A. Sherman and F. C. Youmans, which is pending in the District Court of Travis County, Texas, and by which plaintiff is demanding judgment in the sum of approximately Twenty-two Thousand Dollars ($22,000.00).

"It is thus seen in the light of the above facts that there is a disputed question of fact in this case. Relators contend the State is

168

indebted to them in the sum of approximately Twenty-one Thousand ($21,000.00) Dollars—respondent shows that the State is contending relators are indebted to it in a sum equal to approximately Twenty-two Thousand ($22,000.00) Dollars, and that it does not owe relators anything. It follows, we submit, that the mandamus prayed for by relators should not issue. That the Supreme Court of this State will not pass upon a case involving disputed issues of fact was clearly decided in the case of Furnish v. Robison, Land Commissioner, 157 S. W., 744, in an opinion by Chief Justice Brown.

"Respondent further alleged in his answer to relators' petition that he had refused to pay said warrants in view of Art. 4350, Rev. Stats., 1925, which provides as follows:

" 'Every warrant shall refer to the law under which it is drawn. No warrant shall be issued to any person indebted to the State, or to his agent or assignee, until such debt is paid.'

"That while warrants had been issued in this case, still, it was the opinion of respondent that this article applied to a situation of this kind as well as to where a person was indebted to the State of Texas, and the warrant had not been issued. We submit that this is a correct interpretation of the above article.

"This statute was evidently passed in order that a person might not receive money from the state when indebted to the State, and then if said persons were insolvent, prevent the State from recovering the amount due it. While the language used would apparently seem to refer only to an indebtedness before a warrant was issued, still, we think there can be no substantial difference between an indebtedness owed by a person to the State where a warrant has been issued but not paid and where a warrant has not been issued.

"Wherefore, respondent prays that mandamus prayed for by relators not issue and that said cause be dismissed and that he be discharged and recover all costs and for general relief."

We therefore recommend that the cause be dismissed and that the State Treasurer recover all costs of this proceeding.

The opinion of the Commission of Appeals is adopted and petition for mandamus dismissed.

*C. M. Cureton,* Chief Justice.