## CITIZENS' STATE BANK OF WHEELER v. AMERICAN SURETY CO. et al.

### No. 4002.

Court of Civil Appeals of Texas. Amarillo.

Nov. 15, 1933.

Rehearing Denied Dec. 13, 1933.

Sanders & Scott, of Amarillo, for appellant.

Reynolds & Heare, of Shamrock, and Cooper & Lumpkin, of Amarillo, for appellees.

JACKSON, Justice.

This is an appeal from the judgment of the district court of Wheeler county sustaining a general demurrer urged by the appellee the American Surety Company against the petition of appellant, Citizens' State Bank of Wheeler.

The appellant alleged that Walter Keton McLemore was the duly elected and acting sheriff of Wheeler county from January 1, 1929, until December 31, 1930, and that the appellee was surety on his official bond during said period. That about September 20, 1929, the sheriff, acting in his official capacity, signed and acknowledged his account for fees in felony cases covering the 1929 August term of the district court of Wheeler county; presented said account, which aggregated $995.65, to and secured the approval thereof, by the Honorable W. R. Ewing, judge of the district court of said county. That on September 24th thereafter S. H. Terrell, comptroller of the state, approved the account and issued deficiency certificate No. 1311, certifying that McLemore, as sheriff, had filed his claim in the office of the comptroller for fees in felony cases for the sum of $987.15; that the appropriation was exhausted and no warrant could issue and the deficiency certificate could not be paid until the Legislature made an appropriation for the payment thereof. That in October, 1929, the sheriff sold, transferred, and assigned said certificate to appellant for a valuable consideration and guaranteed its payment.

That thereafter the Legislature of the state made an appropriation for the payment of said certificate, but the comptroller refused to pay the amount evidenced thereby because the sheriff had charged and collected from the state certain accounts as fees in felony cases in his official capacity, which were not lawful. That McLemore had refused to refund the money so unlawfully collected and the state, acting through its comptroller, refused to pay appellant the sum stipulated in said deficiency certificate and offset and deducted therefrom the amount of unlawful items, stated in the petition, so collected. That the sheriff, as principal, and appellee, as surety, though often requested, had failed and refused to pay the indebtedness to appellant evidenced by said certificate.

As disclosed by the record, the official bond of the sheriff was executed by appellee and was in compliance with the terms and conditions of article 6866, as amended by the Acts of the 42nd Legislature, c. 260 (Vernon's Ann. Civ. St. art. 6866).

On a trial before the court without the intervention of a jury, appellant recovered judgment against W. K. McLemore for the sum of $987.15 and no complaint is made thereof.

The court sustained the general demurrer urged by the appellee to appellant's petition and as to the American Surety Company dismissed the case, from which action this appeal is prosecuted.

■ Under the provisions of said art. 6866, the appellee was liable to appellant for any injury sustained by it as the result of the official act of the sheriff, Tabor v. McKenzie, Sheriff et al. (Tex. Civ. App.) 49 S.W.(2d) 874; and it may be conceded that the sheriff, in claiming and collecting from the state, as alleged, unlawful fees in felony cases, was acting in his official capacity, Myers et al. v. Colquitt, Governor (Tex. Civ. App.) 173 S. W. 993; but the liability of appellee on the official bond cannot be extended beyond the terms thereof.

■ "The liabilities of sureties are strictissimi juris, and cannot be extended beyond the terms of their contracts." American Surety Co. of New York et al. v. Hidalgo County et al. (Tex. Civ. App.) 283 S. W. 267, 269. See, also, Miller v. Foard County (Tex. Civ. App.) 59 S.W.(2d) 277.

■ The sale by the sheriff to appellant of the deficiency certificate was not an official act under the law, and did not constitute a breach of the official bond. In such transaction he was not acting either "virtute officii" or "colore officii," but was acting in his private capacity and such sale constituted a personal transaction instead of an official act. State ex rel. Livesay et al. v. Harrison et al., 99 Mo. App. 57, 72 S. W. 469.

■ The appellant contends that in any event it was subrogated to the rights of the state, to whom appellee was responsible on the bond of the sheriff for his collection of unlawful fees.

Article 4350, R. S. 1925, as amended by the 42nd Legislature, c. 243 (Vernon's Ann. Civ. St. art. 4350) is as follows: "No warrant shall be issued to any person indebted to the State, or to his agent or assignee, until such debt is paid."

In construing this article, the Commission of Appeals holds that it authorizes the state to refuse the payment of a warrant already issued, if the payee is indebted to the state. Sherman et al. v. Hatcher, State Treasurer, 117 Tex. 166, 299 S. W. 227.

The bank does not allege a contract by which it was subrogated to any rights the state may have had and in the acquisition of the certificate is in the position of a volunteer. In the purchase it had no interest to protect, was under no obligation to buy, and acted under no compulsion moral, contractual, or legal.

The obligation of appellee, as surety, on the bond to pay the state the unlawful fees collected, ceased when the state collected such fees, which it was authorized to do, by deducting the amount thereof from the deficiency certificate theretofore issued to the sheriff. After so collecting such unlawful fees, the state retained no rights therein to which appellant could be subrogated.

The judgment is affirmed.