### SHEPPARD et al. v. JACKSBORO REFINING CO. et al.

#### No. 13716.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 15, 1937.

Rehearing Denied Dec. 10, 1937.

William McCraw, Atty. Gen., and Curtis E. Hill, Asst. Atty. Gen., for appellants.

George C. Kemble, of Fort Worth, for appellees.

BROWN, Justice.

Appellees, who own and operate a small oil refinery in Jack county, Tex., brought suit in the district court alleging such ownership; that they had complied with all of the provisions of chapter 240 of the Acts of the 44th Legislature of Texas (Vernon's Ann.Civ.St. art. 7065a—1 et seq.) amending Acts 1933, c. 44; that a permit, under such act, was issued to them; that they deposited with the state comptroller a cash bond in the sum of $1,000 to guarantee a strict performance of all duties required of them under the act, and that they had strictly complied with its provisions, during the year 1936; that they were furnished a blank application for a renewal of such permit, by the comptroller, for the year 1937, which was properly executed by appellees and tendered to the comptroller, but he had refused to issue the renewal permit and had "advised and informed plaintiff that the permit would not be renewed and that the State official in charge of such matter was going to see that plaintiffs were forever barred from operating a refinery in the State of Texas"; that such action is arbitrary and capricious and beyond the legal authority of the comptroller.

They alleged, in detail, the extent of their operations for the year 1936, and the payment of all taxes due by them to the

state; that the state comptroller and the Attorney General, and their agents, deputies, and assistants, "are threatening to and will subject plaintiffs to all of the pains and penalties, fines and forfeitures as set out in said Act (which were alleged by appellees) and are threatening to arrest the drivers of trucks used in the distribution of motor fuel refined by plaintiffs and are threatening to and will molest each of the purchasers or users of motor fuel taken from plaintiffs' refinery, all of which will do irreparable injury and damage to plaintiffs and their property and will create a cloud upon the title to plaintiffs' property and will bring about a multiplicity of suits and arrests and prosecutions in various and sundry counties in the State of Texas, all of which amounts to the taking of plaintiffs' property without due process of law and without compensation, in violation of the Constitution and the laws of the State of Texas."

Appellees sought injunctive relief, and the final paragraph of the verified petition is as follows: "Plaintiffs would show the Court that defendants are claiming that they, together with other persons, are indebted to the State of Texas for gasoline sold, used or distributed by them, and that plaintiffs have filed a sworn denial thereof, but that should it be determined that they or the other persons are indebted to the State of Texas in any sum, these plaintiffs are ready, willing and able, when said matter is finally determined, to pay such sum, if any is finally determined to be due."

On presentation of such pleading, the trial court issued a temporary injunction in behalf of appellees. The appeal is directly to this court from such order.

■ The first proposition asserts that since the face of appellees' petition shows that appellants are contending that appellees are indebted to the State of Texas for gasoline taxes, and under the plain provisions of the law, the comptroller is prohibited from issuing the sought for permit, the temporary injunction was improvidently and erroneously granted.

We do not believe that article 7065a—1 et seq., Rev.Civ.Statutes, should be given any such construction as applied to the facts in this case.

We see readily that any concern pretending to operate under the law in question that makes no report of operations and no attempt to pay taxes due, by reason of its operations, could be denied all privileges under the law, but where, as is here contended, a concern has attempted to comply with the law, and it appears that there is merely a dispute between it and the state comptroller as to the amount of taxes due, and the contention resolves itself into an issue of whether or not the concern has paid all taxes due, or whether or not it owes a balance of unpaid taxes, then, assuredly, the state comptroller and all other state officers are without authority to take steps that would result in the total denial of the right of such concern to operate.

To our way of thinking any other construction of the provisions of the act in question becomes confiscatory. The state is well protected as to any balance that may be found to be due, on a full hearing, and as to taxes to accrue by reason of present operations.

Propositions 2, 3, and 4 are so closely akin to the first proposition discussed, and go principally to the sufficiency of appellees' petition, we will forego a discussion of same.

■ The fifth proposition is to the effect that the issuing of the permit under discussion is purely a ministerial duty imposed by law upon the comptroller, and that appellees have failed to exhaust their adequate remedy at law by resorting to a petition for a writ of mandamus.

The answer to this contention is, the petition discloses that there is an issue of fact to be determined, viz.: Whether or not appellees have paid all taxes due by them for the year 1936, or, if there be any balance due, then how much is owing?

■ The Supreme Court will not entertain a petition for a writ of mandamus where a question of fact must be determined before the right to the writ can be established. Sherman et al. v. Hatcher, State Treasurer, 117 Tex. 166, 299 S.W. 227; Furnish v. Robison, Land Com'r, 106 Tex. 79, 157 S.W. 744.

■ That the trial court had the authority to grant appellees the temporary injunction, we have no doubt. City of Dallas v. City Packing Co. (Tex.Civ.App.) 86 S.W.2d 60.

We shall not prolong this opinion by citing cases supporting the discretionary right of a trial court to grant a temporary injunction.

All propositions are overruled, and the judgment of the trial court is affirmed.