### SHEPPARD et al. v. JACKSBORO REFINING CO. et al.

No. 13857.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 2, 1938.

Rehearing Denied Jan. 13, 1939.

William McCraw, Atty. Gen., of Texas, and Pat M. Neff, Jr., Asst. Atty. Gen., for appellants.

George C. Kemble, of Fort Worth, for appellees.

BROWN, Justice.

This is the second time that this cause has been before us. The first appeal is from the order granting appellees a temporary injunction. The case is reported in 110 S.W.2d 1004, and the judgment of the trial court was by us affirmed.

Instead of trying the cause on its merits, appellants filed a motion to dissolve the temporary injunction, and the trial court having refused to enter an order dissolving the same, they have appealed from the second interlocutory order.

We will not make a second statement of the nature and result of the suit, but will refer to such statement made on the former appeal, and in addition, will state that appellees filed an amended petition and incorporated therein allegations to the effect that appellants have also arbitrarily refused to renew appellees' permit for the year 1938; that appellees have paid prior to the issuance of the temporary injunction and since its issuance all of the taxes owing by them to the State of Texas; and have complied with the order and judgment of the trial court which granted them the temporary injunction and they pray that the temporary injunction be continued in full force and effect. The amended petition was filed on May 7, 1938.

Appellants, on April 8, 1938, filed a lengthy pleading, divided into distinct parts. The first section is termed a plea to the jurisdiction. The contention is that jurisdiction is vested, by virtue of Article 7047j, Vernon's Ann.Civ.St., in the proper court in Travis County, Texas; and that the provisions of Article 7065a—1 et seq., V. A. C. S., likewise control as to exclusive jurisdiction being vested in such Travis County court.

The next section is designated "Pleas in Abatement", and they assert that the matters in controversy are moot; and that under Article 7057b, V. A. C. S., commonly known as the Protest Statute, appellees have a plain, full, complete and adequate remedy at law; and that under Article 1735, R.C.S., the appellees have an adequate and complete remedy by way of a mandamus proceeding.

The next section is designated "Answer to the merits," and its prayer is that the temporary injunction be dissolved and that upon final hearing plaintiffs take nothing and the cause be dismissed.

George H. Sheppard, Comptroller, W. G. Teel, District Tax Supervisor of the Motor Fuel Division of Comptroller's Department, and agent and representative of such Comptroller of Public Accounts, and the Attorney General of Texas, in the appeal present six propositions under ten assignments of error.

The first and second propositions are treated together and are in substance: (1) that the proceeding being purely for an injunction to restrain the defendants in their official capacities from collecting or attempting to collect the excise or occupation tax levied by Article 7065a—1 et seq., Vernon's Anno.Civil Statutes, and temporary injunction so issued operating to restrain or enjoin these State officials and their deputies, in the collection of such taxes, the district court of Tarrant County had no jurisdiction over such a proceeding, but exclusive jurisdiction was conferred upon and is vested in a court of competent jurisdiction in Travis County, Texas, under the provisions of Article 7047j, Vernon's Anno.Civil Statutes; and (2) the suit being for the said relief against the said Comptroller in his official capacity because of his alleged illegal attempt to revoke, suspend or withhold the distributor's permit issued to the plaintiffs, April 30, 1936, and sought to be renewed for the years 1937 and 1938, exclusive original jurisdiction is conferred upon and vested in a court of competent jurisdiction in Travis County, Texas, under said Article 7065a—1.

Obviously, the provision found in Art. 7047j (being a part of Senate Bill 247, Acts of the Regular Session of 45th Legislature, 1937) relied upon by appellants to fix exclusive jurisdiction in Travis County, has no application here. This suit was brought June 10, 1937, and the temporary relief was granted on that date, and the Act relied upon by appellants was passed and approved May 13, 1937, and became effective 90 days after adjournment. The Legislature adjourned May 22, 1937.

Such law has no retroactive effect and could not deprive the district court of its jurisdiction, which had attached long prior

to the date the Act relied upon became effective.

■ Appellants cannot rely upon the provisions of Article 7065a—1 et seq. (the Motor Fuel Laws), and section 5 thereof, Vernon's Ann.Civ.St. art. 7065a—5, to assert exclusive jurisdiction in Travis County, because that statute does not apply to the instant suit.

The Statute relied upon is:

"If any distributor has violated any provision of House Bill 247, Chapter 44 (Arts. 7065a—1 et seq., P.C. art. 141a—1), General Laws of the Regular Session of the Forty-third Legislature, or any provision of this Act and the Comptroller desires to forfeit or suspend his permit, he shall give written notice to the distributor, stating ·the reasons justifying forfeiture or suspension of such permit, and that the  me shall be forfeited five (5) days from late of service of said notice unless said istributor purge himself of such viol  n and pay any penalties that may be d  . Provided however, that if the Comptroller illegally attempts to revoke or suspend said permit, said ·distributor, by giving at least two (2) days notice to the Comptroller, may file a suit in equity in any Court of Travis County, Texas, having jurisdiction to enjoin the Comptroller's act and at any time after the expiration of said period the Comptroller may suspend or forfeit said permit unless enjoined. Any notice may be mailed to the distributor at any place disclosed by the application for distributor's permit or may be served in person or left with the person in charge of the distributor's business."

We do not have a case where the Comptroller has exhibited a desire to forfeit or suspend the permit theretofore issued to appellees on the theory that they have violated the law, and the owner of the permit seeks to enjoin the Act as an illegal attempt to revoke or suspend the permit. Here we have a case where the permit was issued and the permittees claim they have complied with the laws, paid all taxes due by them, and that they have applied for renewal permits and been arbitrarily refused such by the Comptroller, who claims they simply have not paid all of the taxes due by them, and who is threatening to inflict the pains and penalties prescribed by law upon them, and to arrest their employees, and continue to do them great injury, and further where the complainants allege that, if after a hearing on the merits, it be found that they do owe additional taxes, over and above what they have paid in good faith, they stand ready to pay the same.

We hold that the provisions of the statute last quoted do not establish exclusive jurisdiction over this cause of action in some court in Travis County.

■ Appellants' third proposition is to the effect that the Comptroller and his said agents and representatives were attempting to collect from appellees the occupation and excise taxes involved in this suit, when temporarily restrained, and that under the provisions of Article 7057b, Vernon's Anno.Civil Statutes, a full and complete remedy at law is afforded appellees in that such statute provides for the payment of such taxes under protest and the bringing of a suit in a court of competent jurisdiction in Travis County.

We do not believe that the statute relied upon should be applied to this case.

The instant suit does not involve the invalidity of the tax sought to be exacted from appellees. The sole issue is as to the amount payable. Appellees claim they have paid all taxes owing by them, while the Comptroller claims there is a balance still unpaid.

We can see no distinction between a multiplicity of civil suits and that of criminal suits.

In the case of Rogers et al. v. Daniel Oil & Royalty Co., 130 Tex. 386, 110 S.W.2d 891, Mr. Justice Critz, speaking for the court, held that the statute did not apply to the case under review because to force the litigant to comply with its provisions and to pay the taxes under protest would bring about a multiplicity of civil suits.

In the instant case, the denial of the injunctive relief sought will, under the claims of appellees, result in a multiplicity of criminal suits, and suits for the collection of fines and penalties provided for in the statute.

■ The fourth proposition asserts that the appellees have a full and adequate remedy at law by way of applying to the Supreme Court of Texas for a writ of mandamus. We need not burden the opinion with the cases which distinctly hold that the Supreme Court will not entertain a petition for a writ of mandamus where a question of fact must be determined before the right to the writ can be establish-

ed. See our opinion on the first appeal, and cases cited, 110 S.W.2d 1004.

The fifth proposition asserts, in effect, that appellees having failed and refused to comply with the provisions of Article 7047j, Vernon's Anno.Civil Statutes, the trial court should have sustained the plea in abatement and dismissed the suit.

For reasons stated above, we overrule the contention without further comment.

The sixth proposition asserts, in effect, that the right, power and authority is absolutely vested in the Comptroller to refuse to issue a permit under the provisions of Article 7065a—4, Vernon's Anno.Civil Statutes, which declares: "That no permit shall be issued if the applicant is delinquent for any motor fuel taxes"; and that the preliminary determination, of the fact of appellees' delinquency in. such respect is not an unconstitutional ·delegation of judicial power, or the taking of property without due process of law.

What we said on the first appeal appears to us to be sound.

█ This is not a suit where the operators, or distributors, have made no report and paid no taxes, or where they have made reports showing taxes due and owing but have neglected to pay them. Here the operators have made reports and claim to have paid the taxes due by them, but the comptroller claims they simply have not. paid enough.

Under such circumstances, we hold that the power and authority to determine such delinquency, by his own investigations, or that of his agents and representatives, and to cancel a permit, or deny the renewal of a permit, without a judicial determination of the disputed fact, is not vested in the comptroller, by the statute relied upon.

█ Let us again note that this was not a trial upon the merits.

The trial court has simply preserved the status quo, by granting the temporary injunction, and by refusing to dissolve the writ. In its orders, the State of Texas, and its officers, are fully protected as to all taxes that may accrue during the pendency of the suit. The appellants and the State of Texas are not injured or damaged in any respect, and do not stand to be injured or damaged by reason of the injunction. On the other hand, to deny appellees relief means to inflict upon them great loss and damage.

Under the well established rule of "the balancing of equities", the trial court did not err in refusing to dissolve the temporary writ of injunction. 24 Tex.Jur., para. 211, pages 268, 269.

█ Furthermore, the matter of the propriety of dissolving a temporary writ of injunction lies largely within the discretion of the trial court. Southland Sweet Potato Curing & Storage Ass'n v. Beck, Tex.Civ.App., 221 S.W. 656; Hannah v. Russ, Tex.Civ.App., 238 S.W. 333; Meyer v. Cockcroft, Tex.Civ.App., 273 S.W. 665; Dilworth v. Buchanan, Tex. Civ.App., 275 S.W. 177; 24 Tex.Jur., para. 210, page 268, and authorities cited, and' para. 212, page 270, same volume.

Appellees by counter propositions present to us a most serious issue.

Can appellants "take two bites at the same cherry?" Appellants, under the statute, Art. 4662, R.C.S., could appeal from the granting of the temporary injunction, or from the overruling of their motion to dissolve the writ, but have they the right to do both?

We find no authority directly in point, but there are decisions that are persuasive, such as Malone v. U. S. Fidelity & Guaranty Co., Tex.Civ.App., 9. S.W.2d 461, where the litigant, against whom an injunction had been issued, presented exceptions to the petition and these being overruled, appealed from the order granting the injunction. The court there said [page 463]: "The election takes place when he exercises his right of appeal and makes his choice of his method of appeal. In this case the defendant in the injunction suit had the right under the statute, within the designated 20 days, to appeal from the order granting the temporary injunction. He chose, and made the election, the right to appeal from the order granting the temporary injunction, and this was the first time he was called on to elect. * * * The defendant in this case having made but one election in his mode of appeal, a course which he was authorized by the statute to follow, we hold that his presentation of exceptions to the plaintiff's petition was not an election to appeal from the order overruling his exceptions, and that the appeal was properly taken from the order granting the temporary injunction."

In the case of Plateau Oil Co. v. Choate Oil Corp., 235 S.W. 686, by this court, where the defendant had made a motion to dissolve the injunction, and same had

been overruled, and the appeal was taken from the order granting the injunction instead of. from the order overruling the motion to dissolve, the opinion says: "But since the Legislature has specifically given the right of appeal from an order overruling a motion to dissolve an injunction, we are inclined to think defendants have waived their right in this case to appeal from the original order granting the injunction. There has been an election of rights, and the litigant is bound by the election." On the motion for rehearing this is said: "We think the two remedies, an appeal from an order issued in chambers granting an injunction, and an appeal from a judgment overruling a motion to dissolve the injunction theretofore granted, are inconsistent remedies. In the first instance only the sufficiency of the petition is to be determined, while in the second the petition, the answer, and the evidence heard are before the trial court and the appellate court. The fact that the end sought is the same in both instances does not make the means by which that end is to be reached consistent. Where one has the right to appeal to one of two courts, by an appeal to one he irrevocably elects to pursue his remedy there, and cannot afterwards appeal to the other. 9 R.C.L., p. 961; Field v. Elevator Co., 6 N.D. 424, 71 N.W. 135, 66 Am.St.Rep. 611. So we think that a litigant, who has the choice of appealing from a peremptory order of the court, in a proceeding in which he was not present and had no opportunity to be heard or to introduce evidence, and elects rather to file his answer and go into the evidence, cannot, after an unfavorable judgment upon such hearing, go back and appeal from the first order." See, also, Hudgens v. Yancey, 284 S.W. 347, by this court.

There should be an end to all litigation, at sometime. To indulge appellants in this appeal means to give them two separate appeals from two separate interlocutory orders of the trial court, which orders not only concern the same subject matter, but effect the same purpose. It further gives them a third appeal should they lose on a hearing determining the merits of the suit.

That they were entitled to appeal either from the order granting the temporary injunction, or from the order refusing to dissolve same on appellants' motion, there can be no doubt, but we do not believe

that they can be heard to appeal from the first mentioned order, and when judgment is rendered against them in the Court of Civil Appeals, let such judgment stand, and then go back to the trial court, move to dissolve, and appeal from the order overruling such motion.

It simply appears to us—and the record discloses such to be the fact—that every issue presented on this appeal was presented and determined adversely to appellants on their former appeal.

The judgment of the trial court is affirmed.