### W. J. Long v. The State.

No. 4781. Decided December 19, 1917.

**Contempt—Witness—Right of Appeal—Habeas Corpus.**

Where the appellant was subpoenaed as a witness in a criminal case and fined for contempt for failure to obey the same, and appealed to this court, the appeal must be dismissed, as this court can give relief only on writ of habeas corpus when the relator is in custody.

Appeal from the District Court of Titus. Tried below before the Hon. J. A. Ward.

Appeal from a judgment for contempt; penalty, a fine of fifty dollars. The opinion states the case.

*T. C. Hutchings,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited: Pegram v. State, 72 Texas Crim. Rep., 176, and cases cited in the opinion.

MORROW, Judge.—The appellant was subpoenaed as a witness in a criminal case, and fined $50 by the court for failure to obey the subpoena.

There was a hearing, and a motion to set aside the judgment. The State, through the Assistant Attorney General, moves to dismiss the appeal on the ground that the judgment is one from which an appeal does not lie. This proceeding is classed as a contempt proceeding from which there is no provision for appeal. The cases in which this court has jurisdiction are those in which there is a final judgment of conviction (art. 894, C. C. P.) and where on habeas corpus the relief

sought is denied (art. 952, C. C. P.), Ryan v. State, recently decided by this court. Other cases in point are Pegram v. State, 72 Texas Crim. Rep., 176, and cases there cited, and Ex parte Degener, 30 Texas Crim. App., 566. From a judgment for contempt this court can give relief only on writ of habeas corpus when the relator is in custody.

For the reasons stated the appeal is dismissed.

*Dismissed.*