## HUDGENS v. YANCEY. (No. 11646.)

(Court of Civil Appeals of Texas. Fort Worth. March 27, 1926.)

1. **Injunction** ⊚⟜221—One removing telephone poles and wire held not in contempt for continuing such work until he had actual notice of injunction restraining him from removing them.

One removing telephone poles and wire *held* not in contempt for continuing such work until he had actual notice of injunction restraining him from removing them, although he knew that such injunction was being sought.

2. **Contempt** ⊚⟜66(1½)—No appellate jurisdiction is vested in Court of Civil Appeals to review contempt proceeding, but can issue restraining order to protect its jurisdiction and preserve status of property until appeal is heard.

No appellate jurisdiction is vested in Court of Civil Appeals to review contempt proceeding, but can issue restraining order to protect its jurisdiction and preserve status of property until appeal is heard.

3. **Contempt** ⊚⟜66(1).

The only way in which contempt proceeding and judgment thereon may be reviewed is by habeas corpus.

4. **Appeal and error** ⊚⟜165—Failure to take appeal from order overruling motion to dissolve injunction waives right to appeal from original order granting injunction (Vernon's Sayles' Ann. Civ. St. 1914, arts. 4644, 4645, as amended [Rev. St. 1925, § 4662]).

Since Vernon's Sayles' Ann. Civ. St. 1914, arts. 4644, 4645, as amended (Rev. St. 1925, art. 4662), gives right of appeal from order overruling motion to dissolve injunction, appeal should be from such order, and failure to take it waives right to appeal from original order granting injunction.

5. **Injunction** ⊚⟜16.

Injunction will not be granted when applicant has adequate remedy at law.

6. **Injunction** ⊚⟜118(4).

In suit for injunction, allegation that plaintiff has no adequate remedy at law is a mere conclusion, since allegation must show reason why he has no such remedy.

---

⊚⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Injunction ☞118(4)—Petition to compel respondent by injunction to replace certain telephone poles and wires held not to show equitable ground for relief, in absence of allegation that respondent was unable to respond in damages.**

Petition to compel respondent by injunction to replace certain telephone poles and wires held not to show equitable ground for relief, in absence of allegation that respondent was unable to respond in damages, since relator could employ others to do work and sue for damages.

**8. Injunction ☞118(4).**

Petition for injunction to compel replacement of telephone poles must allege irreparable injury and facts supporting such allegation; general allegations being insufficient.

Appeal from Wichita County Court; C. M. McFarland, Judge.

Suit by J. S. Yancey against L. E. Hudgens. From the judgment, defendant appeals. Reversed and remanded.

Kenley, Dawson & Holliday, of Wichita Falls, for appellant.

Harris & Martin, of Wichita Falls, for appellee.

BUCK, J.   J. S. Yancey filed an action against L. E. Hudgens, and alleged that prior to the 9th day of February, 1926, he owned in his own right a certain telephone and light wire line approximately 2,400 feet in length, and 12 poles 30 feet in length, and one pole 35 feet in length, running from the Wichita Falls and Iowa Park public road north to the residence of petitioner; that said poles and line were situated in Wichita county and the poles set in the ground, and the wires strung along said poles in good condition and repair; that without cause or right said Hudgens was proceeding to tear down said poles and wire line to plaintiff's damage in the sum of $250; and that, unless he was restrained from proceeding to tear down and remove said poles and line, said petitioner would be irreparably injured and damaged, in that the said poles and line were his private property, and were being used by him for telephone purposes. Plaintiff further alleged that he had no adequate remedy at law, and that, unless defendant should be restrained, petitioner would suffer irreparable injury and damage. He prayed for a writ of injunction, restraining defendant, his servants, agents, and employés from tearing down and removing said poles and wire lines, and from interfering therewith, and prayed for a mandatory injunction requiring the defendant to replace the poles and lines that he had already removed from their places, and for such other and further relief, special and general, in law and in equity, to which he might be justly entitled.

The petition was verified, and, on being presented to C. M. McFarland, judge of the county court of Wichita county, in chambers, on the 10th day of February, 1926, it was ordered that the writ of injunction in all things as prayed for be granted upon petitioner executing to the adverse party a good and sufficient bond in the sum of $500. Petitioner filed the bond on February 10, 1926.

On February 17th respondent, Hudgens, filed his answer and motion to dissolve the injunction theretofore granted; his answer consisting of a general demurrer, a number of special exceptions, a general denial, and certain special denials.

On February 19th relator, Yancey, filed his reply to the respondent's answer, and alleged that, at the time the injunction was served, respondent had already torn down and removed all the poles and wires mentioned in relator's petition, and that at the time he so removed them he had notice that the writ of injunction "was being issued, and would be served upon him restraining him from removing said poles and wires, and, when said defendant was so informed of said writ of injunction being issued, he rushed said work of removing same, and did remove same before said writ of injunction was served upon him, but he had full knowledge that said writ was being issued." He further alleged that defendant had failed and refused to obey said writ in any manner, and prayed that said motion to dissolve said writ of injunction be in all things refused.

The trial court overruled respondent's general demurrer and special exceptions, and overruled the motion to dissolve the injunction, and respondent appealed.

On February 18, 1926, the trial court heard the contempt proceedings against respondent, Hudgens, and adjudged him guilty of contempt of the mandatory injunction, in that he had failed and refused to replace said poles and wires as they were before he removed the same, and allowed said Hudgens ten days, or until the 1st day of March next, to replace all of said poles and wires in the same place and condition as they were before he removed the same, and to purge himself of contempt of the trial court for violation of said writ.

On February 26th respondent applied to this court for a temporary restraining order against said relator and Hon. C. M. McFarland, judge of the county court at law of Wichita county, and this court ordered that a temporary restraining order be issued upon said respondent filing a good and sufficient bond in the sum of $250, requiring said relator and said McFarland to refrain and desist from any further effort by the issuance of any writ or entry of any order or other action whatever to enforce the mandatory direction of the writ of injunction specified and described in said petition until, if at all, it shall be otherwise ordered by this court.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

A motion to dissolve the restraining order by this court was then filed by relator, and submitted. It is agreed that, at the time the court passes upon the motion to dissolve, it may also pass upon the questions involved in the appeal, in order that the entire matter may be settled at one time. This will be done.

## Opinion.

[1] The evidence shows that the controversy between the relator and respondent arose out of the employment of respondent by relator to construct a telephone line from relator's house to the office of the receiver of the Southern Oil Corporation, from which relator could get direct connection with Wichita Falls. Relator agreed to pay the Southern Oil Corporation, or the receiver therefor, $3 per month for the use of the telephone. Relator claimed that respondent agreed to build the line for the sum of $200, and that, when the line was built and respondent came to relator's house to collect pay therefor, and to deliver the bill of sale, he charged him $290. Respondent claimed that the agreement was that he was to charge what it actually cost to erect and equip the line, and that it cost $290. He testified that he told the relator before the line was built that it would cost around $200, but that he never agreed to build it for any stated amount and for less than what it actually cost. In so far as the writ of injunction which the relator was intending to apply for is concerned, respondent was not required to regard it until after an order granting the same had been made, and he had notice thereof, and of its purport. Therefore he committed no act of contempt of the trial court until and unless he had such actual notice. The uncontradicted evidence shows that, at the time service was had, the respondent had removed all of the poles and wires. To require him, under the pressure of a contempt proceeding, to replace the poles and wires would have been to decide the very issue involved in the injunction proceeding.

[2, 3] In issuing the temporary restraining order, or writ of prohibition, this court did not attempt to exercise any direct jurisdiction over the order of the trial court adjudging respondent guilty of contempt, for no appellate jurisdiction is vested in this court to review a contempt proceeding, and the only way in which such proceeding and the judgment thereon may be reviewed is by habeas corpus proceedings. State v. Thurmond, 37 Tex. 340; Pegram v. State, 72 Tex. Cr. R. 176, 161 S. W. 458. But this court does have the authority to issue a writ of prohibition, or other restraining order, to protect our jurisdiction, and to preserve the status of property until the appeal is heard.

[4, 5] Prior to the amendments of article 4644 and 4645, Vernon's Sayles' Ann. Civ. Statutes 1914 (article 4662, codification of 1925), no appeal lay from an order or judgment overruling a motion to dissolve an injunction theretofore granted. Plateau Oil Co. v. Choate Oil Corp. (Tex. Civ. App.) 235 S. W. 686. Prior to such amendment, it was held that a person against whom an injunction had been granted did not lose his right of appeal therefrom by making a motion to dissolve the injunction, which later motion was overruled. Jeff Chaison Townsite Co. v. McFaddin, Wiess & Kyle Land Co., 56 Tex. Civ. App. 611, 121 S. W. 716. In the opinion of Plateau Oil Co. v. Choate Oil Corporation, supra, this court held that, since the amended statute gave the right of appeal from an order overruling a motion to dissolve an injunction, the appeal should be from such order, and that the failure to take it waives the right to appeal from the original order granting the injunction. The purpose of a temporary injunction is to preserve the status quo in order that the appeal may be in a true sense an appeal. Dallas Hunting & Fishing Club v. Dallas County Bois D'Arc Island Levee. District (Tex. Civ. App.) 235 S. W. 607. It is well settled that an injunction will not be granted when the applicant has an adequate remedy at law. Hill v. Brown (Tex. Com. App.) 237 S. W. 252; Chisholm v. Adams, 71 Tex. 678, 10 S. W. 336; Jones v. Whitehead (Tex. Civ. App.) 278 S. W. 305, and cases there cited.

[6] A general allegation that plaintiff has no speedy or adequate remedy at law is a mere conclusion, and of no effect. The allegation must show for what reason the petitioner has no adequate remedy at law. 37 C. J. 329; Hodson v. Walker, 170 Mo. App. 632, 157 S. W. 104; Moore v. Plott, 206 S. W. 958, by the Austin Court of Civil Appeals.

[7] There is no allegation in relator's petition that respondent is insolvent, and is not able to respond in damages. In so far as the application for injunction sought to require respondent to replace the poles and wires in the position they were before he removed them, it does not show an equitable ground for such relief. Relator could have employed other persons to do the work, and then could have sued respondent for any damages caused to relator. The only allegations in plaintiff's petition in regard to adequacy of remedy at law are as follows:

"Third. Plaintiff would further show to the court that he has no adequate remedy at law, and, unless the defendant be restrained as prayed for herein, your petitioner will suffer irreparable injury and damage."

The only allegation as to irreparable injury is:

"Plaintiff would further show to the court that the defendant is now proceeding to tear down and remove said poles and wires from their present location, and, unless he is restrained from doing so, plaintiff will be without the use of said line as a telephone line, and that he will suffer irreparable injury."

[8] It is necessary that the petition allege irreparable injury, and general allegations are insufficient; it being necessary that the facts alleged must show in what way the petitioner will be irreparably injured by the threatened acts of which complaint is made. 32 C. J. 330; Kean v. Dallas (Tex. Civ. App.) 244 S. W. 655; Holbein v. De La Garza, 59 Tex. Civ. App. 125, 126 S. W. 42, 45, and authorities there cited; Bennett Lumber Co. v. Fall (Tex. Civ. App.) 157 S. W. 209.

There are other claimed defects in the petition urged by appellant, but, since we have concluded that the judgment below must be reversed for the reasons stated, we will not discuss such alleged defects further. The judgment below is reversed, and the temporary writ of injunction granted by the trial court is vacated, but the cause is remanded in order that petitioner may prosecute his suit for damages, if he so elects. The costs of this appeal will be taxed against the appellee.

The order and judgment of the trial court adjudging respondent guilty of contempt being founded on the order granting the injunction and on respondent's failure to obey the mandatory portion thereof, and in view of our judgment hereinabove rendered, we will not presume that the trial court will attempt to enforce his order under the contempt proceedings. Such act would be in violation of our restraining order, heretofore issued, which is made perpetual. 6 R. C. L. 538 and 539, and cases cited under note 10; 22 R. C. L. 19.