## IRA LAWLEY v. THE STATE.

No. 13299.    Delivered March 18, 1931.

The opinion states the case.

*Robert Cralle,* of Groesbeck, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Appellant was held in contempt by the judge of the 54th District Court at Waco. From the judgment appellant gave notice of appeal, and entered into recognizance to abide the judgment of this court. On October 15th an opinion was delivered affirming the judgment. No briefs either for the State or appellant were furnished on original submission.

Appellant now presents a motion for rehearing in which is incorporated many things which might be appropriate to submit in a hearing on the merits in the trial court, but which absolutely have no place in a motion for rehearing in the appellate court.

We are concerned with one thing only in the motion and that is the proposition that this court is without jurisdiction of the appeal. No doubt exists as to the correctness of the proposition. An appeal does not lie from a judgment of contempt. Crow v. State, 24 Texas, 12; Exparte Kilgore, 3 Texas App., 249; Carter v. State, 4 Texas App., 165; Borrer v. State (Texas Crim. Rep.), 63 S. W., 630; Borrer v. State (Texas Crim. Rep.), 63 S. W., 1133; Long v. State, 82 Texas Crim. Rep., 403, 199 S. W., 619, in which the following language is found. "From a judgment of contempt this court can give relief only on writ of habeas corpus when the relator is in custody." Pegram v. State, 72 Texas Crim. Rep., 176, 161 S. W., 458. Many other cases will be found collated in Texas Jurisprudence, Vol. 9, under Sections 45 and 48.

Our former opinion is withdrawn, and the appeal is dismissed.

*Appeal dismissed.*