## TIMS v. TIMS.
## No. 5835.

Court of Civil Appeals of Texas. Amarillo.
Oct. 13, 1947.

Rehearing Denied Oct. 27, 1947.

See also 201 S.W.2d 865.

W. E. Nix, of Amarillo, for appellant.

W. T. Brothers, of Amarillo, for appellee.

STOKES, Justice.

On October 23, 1946, in Cause No. 21525-A, entitled Opal Zillah Tims v. Gilbert Edgar Tims, pending in the District Court of the 47th Judicial District in and for Potter County, a decree of divorce was granted to the plaintiff and the defendant was ordered to pay into the registry of the court the sum of $50 per month for the support and maintenance of two of their children. Certain personal property, consisting of household and kitchen furniture, was decreed to the plaintiff and the defendant was ordered to deliver the same to her. On August 28, 1947, the plaintiff in that case, Opal Zillah Tims, filed in the district court her affidavit in contempt alleging that the judgment in the divorce case became final, after being appealed to this court and a writ of error being denied by the Supreme Court, but that the defendant Gilbert Edgar Tims, appellant here, had openly and willfully violated the order of the district court in the decree of divorce and had failed and refused to pay the monthly allowance of $50 or any part thereof, and that he had likewise failed and refused to deliver to her the personal property decreed to her. She prayed that appellant be held in contempt and that suitable punishment be administered to him.

Appellant filed an answer to the affidavit in which he leveled a number of special exceptions, pleaded not guilty to the contempt charge, and that he was not financially able to pay the allowance decreed by the court in the divorce case.

When the contempt proceeding was called for trial, appellant demanded a jury and paid the jury fee, but the court ruled he was not entitled to a jury and proceeded to hear the contempt proceeding without the aid of a jury. The hearing resulted in a judgment and order holding appellant in contempt of court and conditionally assessing against him a fine of $100 and committing him to jail for three days and until the fine was paid. The condition upon which the order was entered was that if appellant, within 30 days, should deliver to the appellee the personal property awarded to her, the order of contempt would thereby be satisfied; otherwise, it should be enforced.

Appellant gave notice of appeal and has perfected an appeal to this court, and the appellee presents a motion to dismiss the appeal upon the ground that this court does not have jurisdiction. She alleges that, under the procedure and law of this State, no appeal lies directly from an order holding one in contempt of court.

It has been the well settled law of this State since the decision by the Supreme Court of the case of State v. Thurmont, 37 Tex. 340, that no jurisdiction is vested in the appellate courts directly to review a contempt proceeding. The only manner in which such a proceeding and judgment thereon can be reviewed is by means of habeas corpus. Hudgens v. Yan-

996

cey, Tex.Civ.App., 284 S.W. 347; Borrer v. State, Tex.Civ.App., 63 S.W. 630; Lawley v. State, 117 Tex.Cr.R. 14, 36 S.W.2d 1035, and cases there cited.

▮ Appellant concedes such to have been the law until 1942 when the Supreme Court decided the case of Harbison v. McMurray, 138 Tex. 192, 158 S.W.2d 284, but he contends the rule was changed by that decision and that the holdings of the courts in the cases above cited, and others of like import, were overruled. He asserts that the Harbison case definitely established the right of direct appeal from such orders and that the Supreme Court there held that a contempt case arising out of a civil proceeding is a civil case. He contends, therefore, that it is appealable because all civil cases are appealable. We have carefully reviewed the decision in the Harbison case, and we find nothing in it which changes the rule here involved. It is true the Hudgens case, supra, and others of like import, were overruled by the decision in the Harbison case, but only as to the holding therein that the Courts of Civil Appeals did not have jurisdiction of appeals in contempt cases growing out of civil proceedings. It is well settled that an appeal lies from a final judgment upon a writ of habeas corpus and the Harbison case was such an appeal. The mere fact that, in that case, the Supreme Court held that an appeal from a hearing upon a writ of habeas corpus, applied for to regain the liberty of one who is a party to a civil proceeding and is held under an order of contempt, is a civil action, did not have the effect of extending to one held in contempt the right of a direct appeal from such an order. It only designated the line of distinction for appeals from hearings upon writs of habeas corpus between the Courts of Civil Appeals and the Court of Criminal Appeals. In reference to such appeals arising in civil actions it followed the rule of decision in those states in which the jurisdiction of appeals in civil and criminal cases are vested in the same courts. In those jurisdictions habeas corpus is held to be a civil remedy and the Harbison case merely determined that, in this state, where criminal and civil jurisdictions are divided, the Courts of Civil Appeals have jurisdiction of such appeals when they arise out of civil actions. In a number of cases, including those above cited, the Courts of Civil Appeals had held that appeals from hearings upon writs of habeas corpus were criminal in their nature and that such courts did not have jurisdiction of them. Beverly v. Roberts, Tex.Civ.App., 215 S.W. 975. The instant case is not an appeal from a judgment upon habeas corpus. It is an attempt to appeal directly from an order holding appellant in contempt of court and assessing against him a conditional punishment. He is not in custody nor in any manner restrained of his liberty.

In our opinion, the motion to dismiss is well taken and should be sustained. The appeal will, therefore, be dismissed.