## MITCHELL v. MITCHELL.

No. 6332.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 12, 1953.

Rehearing Denied Oct. 26, 1953.

Singleton & Trulove, Amarillo, for appellant.

Lee Minner, Vega, for appellee.

NORTHCUTT, Justice.

In October, 1947, in cause No. 1541, styled Pearl Ruth Mitchell v. Carlos Elmer Mitchell, pending in the 69th District Court of Moore County, Texas, Pearl Ruth Mitchell recovered judgment of and from Carlos Elmer Mitchell for divorce, custody of their child, and $50 per month child support. On March 1, 1953, Pearl Ruth Mitchell Head, being the same person as Pearl Ruth Mitchell mentioned above, caused to be filed her complaint for contempt due to the failure of Carlos Elmer Mitchell to pay the sums for support as provided for in the divorce judgment in Cause No. 1541 above set out. Show cause order was issued and served by depositing the same in the United States mail. The show cause order ordered Carlos Elmer Mitchell to show cause before the 69th District Court of Moore County, Texas, on the 10th day of April, 1953, at 2:30 o'clock p. m. why he should not be held in contempt of court for failing to comply with the judgment of that court theretofore entered which ordered him to pay as support for his minor child the sum of $50 per month which failure to pay support was alleged to have occurred for the period of July 1, 1952, to March 1, 1953. Carlos Elmer Mitchell appeared and answered to such show cause order.

Upon such hearing the court found Carlos Elmer Mitchell in arrears in his payments of child support and guilty of contempt of that court and assessed his punishment at a fine of $25 and, in addition thereto, confinement in the Moore County jail for 72 hours and until the fine, the arrears, and all costs were paid. From this judgment

holding Carlos Elmer Mitchell guilty of contempt of court he has sought to perfect his appeal to this court.

■ This is an appeal directly from an order holding appellant in contempt of court and assessing against him a conditional punishment. We are of the opinion that this court does not have jurisdiction to review this contempt proceedings and that this appeal should be dismissed as stated in Tims v. Tims, Tex.Civ.App., 204 S.W.2d 995, where it is said:

"It has been the well settled law of this State since the decision by the Supreme Court of the case of State v. Thurmond, 37 Tex. 340, that no jurisdiction is vested in the appellate courts directly to review a contempt proceeding. The only manner in which such a proceeding and judgment thereon can be reviewed is by means of habeas corpus. Hudgens v. Yancey, Tex.Civ. App., 284 S.W. 347; Borrer v. State, Tex.Civ.App., 63 S.W. 630; Lawley v. State, 117 Tex.Cr.R. 14, 36 S.W.2d 1035, and cases there cited."·

■ But if we were of the opinion, which we are not, that this court had jurisdiction in this appeal from the contempt proceedings we think all matters here involved are moot. This is admitted in appellant's brief at Page 4, where it is said:

"Said Carlos Elmer Mitchell was placed in jail by the Sheriff of Moore County, Texas, on Friday evening, April 10, 1953, immediately following the announcement of judgment of Contempt by said court, and remained in said jail until Tuesday, when the fine and other moneys required to be paid by him, were paid by said Carlos Elmer Mitchell, whereupon he was released from jail."

The Supreme Court of this state in the case of State v. Society for Friendless Children, 130 Tex. 533, 111 S.W.2d 1075, 1076, said:

"Since the granting of the writ of error, it has been made known to this court that the secretary of state has issued to the society an amended charter. It appears that in the issuance of such amended charter all pertinent statutes in force at the time were duly complied with. It follows that, regardless of the question as to whether or not this society was lawfully chartered in the first instance, a question we do not decide, it is now so chartered. This being true, the matter in controversy in this suit has ceased to exist, and is therefore moot.

"It is the settled law of this State that its courts will not continue to litigate a controversy that has ceased to exist. It is further the settled law that appellate courts will not review judgments if the controversy between the parties has terminated. Such cases are moot. 2 Texas Jurisprudence, pp. 69 to 76, and authorities there cited."

The appeal is dismissed.