PADFIELD v. McINTOSH et al.

No. 15501.

Court of Civil Appeals of Texas.

Fort Worth.

April 2, 1954.

Rehearing Denied April 30, 1954.

Nolen L. Sewell, Decatur, Hardin & Hardin, and Chester Clark, Fort Worth, for appellant.

Francis G. Culhane, San Angelo, Alexander & Martin and Richard F. Martin, Fort Worth, for appellees.

BOYD, Justice.

The District Court of Wise County adjudged appellant Dean Padfield to be guilty of contempt of court for failure to pay child support as directed by the District Court of Chaffee County, Colorado. The Colorado court had ordered appellant to pay $100 per month, the order being embodied in a divorce decree in a suit filed by appellant against appellee Vada McIntosh, his former wife, said decree being rendered on April 21, 1950. The contempt motion was filed by Vada McIntosh and her present husband, Magee McIntosh. Appellant, in form at least, perfected appeal to this court.

Appellees urge that this court has no jurisdiction of the appeal and say that a contempt judgment is not appealable, and that the only redress available in such cases is by writ of habeas corpus in the Supreme Court.

Appellant asserts that this is a suit to establish a foreign judgment, and in the proceeding he asked that the monthly payments be reduced to $25, and that therefore this suit cannot be classified as a contempt proceeding. But in his brief appellant

says: "This is an appeal from a judgment and order rendered in the 43rd District Court of Wise County, Texas, * * * finding and adjudging the Appellant guilty of contempt growing out of a judgment and order of the District Court of Chaffee County, Colorado, dated April 21st, 1950, relating to the payment of child support * * *." In the contempt motion or petition appellees did ask that the Colorado judgment be "established as a local judgment and form a basis for equitable and legal enforcement as to future installments not yet due or accrued, * * *." There was no citation issued as in ordinary civil cases, but the court ordered that scire facias issue. Scire facias was issued, signed by the judge, reciting that the court had considered appellees' petition asking to have appellant "held in contempt of this Court because of his failure to comply with the order of the Court entered in Cause No. 3967 styled Dean Padfield v. Vada McIntosh, in the State of Colorado, County of Chaffee, ordering the respondent to pay the sum of $100.00 each month for the support and maintenance of the minor child, * * *" and said scire facias ordered appellant to appear on July 31, 1953, "to show cause why you should not be punished for your conduct in so failing to comply with the order of this Court, * * *." Furthermore, there is no provision in the Wise County judgment establishing the Colorado judgment, although there is a provision fixing future monthly payments at $50.

We think this is a contempt proceeding, and that proving the rendition of the Colorado judgment was one step in proving the contempt. Indeed, there could have been no contempt in failing to pay child support unless there had been a valid order for such payment. In every contempt proceeding growing out of a failure to pay child support, a prior order requiring such payments must be proved; and it is believed that the fact that the prior order was made by a court in another state is immaterial. That a District Court of this

state has the same jurisdiction and power to punish for contempt one who fails to pay child support ordered by a court of another state is settled by the decisions. In Ex parte Helms, 259 S.W.2d 184, 188, our Supreme Court said: "Before the adoption of Article 2328b it was held by this court that a defendant could be punished by the courts of this state for contempt for failing to comply with the provisions of a foreign support order. Guercia v. Guercia, Tex. Civ.App., 239 S.W.2d 169, writ refused N.R.E.; Id. [150 Tex. 418], 241 S.W.2d 297. In conferring upon the courts of this state power to punish for contempt for failure to comply with their own orders Article 2328b did not purport to deny to our courts the power theretofore held and exercised to punish for contempt for failure to comply with the terms of the judgment of a sister state. * * *"

It seems to be settled that the appellate courts of this state are without power by ordinary appeal directly to review contempt proceedings, and that the only review that can be had is by an original proceeding by habeas corpus in the Supreme Court. Ex parte Hoover, Tex.Civ.App., 245 S.W.2d 557; Borrer v. State, Tex.Cr. App., 63 S.W. 630; Hudgens v. Yancey, Tex.Civ.App., 284 S.W. 347; Lawley v. State, 117 Tex.Cr.R. 14, 36 S.W.2d 1035; Tims v. Tims, Tex.Civ.App., 204 S.W.2d 995, writ refused. In the last cited case it is said: "It has been the well settled law of this State since the decision by the Supreme Court of the case of State v. Thurmond, 37 Tex. 340, that no jurisdiction is vested in the appellate courts directly to review a contempt proceeding. The only manner in which such proceeding and judgment thereon can be reviewed is by means of habeas corpus. * * *"

Believing that we have no jurisdiction to review the proceedings had in the court below, the appeal is dismissed.

RENFRO, J., not participating.