STARR COUNTY, Relator,

v.

The Honorable C. W. LAUGHLIN
et al., Respondents.

No. 12973.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 26, 1955.

Gerald Weatherly, Rio Grande City, for relator.

R. L. Lattimore, Pharr, for respondents.

W. O. MURRAY, Chief Justice.

This is an original proceeding in this Court instituted by Starr County for a writ of mandamus to compel Hon. C. W. Laughlin, Judge of the District Court of Starr County, Texas, to "proceed to trial and judgment" in a contempt proceeding filed in the District Court of Starr County.

The record shows that a contempt proceeding was begun by relator filing an affidavit charging J. C. Guerra, as County Auditor of Starr County, with violating the provisions of a judgment rendered in the District Court of Starr County in Cause No. 3002. The contempt proceeding was docketed as Cause No. 3027. A hearing was begun on the contempt proceeding on October 4, 1955, after an announcement of ready by both parties. Relator called his first witness, and while this witness was testifying the following took place:

"The Court: For the purpose of this hearing the Court is going to assume that all the facts in your petition are true, and the Court is going to assume that they are true to save time. This day I signed an order making this injunction permanent according to the

opinion of the Court of Civil Appeals, and I am not going to hold this layman, this defendant, in contempt of Court over these legal technicalities that you have there. Certainly the injunction now is in full force and effect and I am going to advise Mr. Guerra that it is in full force and effect, and he knows it is, as of this date, and I am signing the order this day. I will hold Mr. Guerra not in contempt of Court.

"Mr. Weatherly: Well, may I say to the Court that that being true, there are 144-odd claimants who have been without their pay for two months now, because Mr. Guerra has done exactly what is alleged in the contempt affidavit. It does not matter to us; we do not want Mr. Guerra sent to jail; we simply want these people paid.

"The Court: I think that if they are legal claimants that Mr. Guerra will pay them if their claims are properly presented. I think that he will pay them.

"Mr. Weatherly: Well, I have this same list which is embodied in the Contempt Affidavit, and which was prepared by Mr. Myers who keeps these records. I am not trying to be technical. There is no reason why he could not note on the bottom of these that each and all of these claims have been approved, and that these claims should be paid. I do not see why these 144-odd road workers should be penalized and have their pay held up because of these matters. * * *"

Respondent J. C. Guerra has filed an affidavit in this Court showing that he has now complied with all the provisions of the judgment in Cause No. 3002, and that he will continue to do so in the future.

The statements of the trial court as above set out will be better understood if the proceedings in Cause No. 3017 are set out. Cause No. 3017 was instituted in the District Court of Starr County, by Starr County against J. C. Guerra, as County Auditor of Starr County, seeking a manda-

tory injunction compelling him to obey the judgment in Cause No. 3002. J. C. Guerra filed, among other pleadings, a plea termed a "Plea of Another Action Pending." This plea was based upon the fact that a motion for a new trial was still pending in Cause No. 3002, and that the judgment in that cause had not as yet become final and that the same parties and some issues were involved in Cause No. 3002 as were involved in Cause No. 3017. The court sustained this plea and dismissed Cause No. 3017. An appeal was taken by Starr County to this Court, and in an opinion rendered in this Court on September 14, 1955, 282 S.W. 2d 304, we held that no motion for a rehearing was pending in Cause No. 3002, because the alleged motion for a new trial was filed more than ten days after rendition of final judgment, and therefore this Court reversed and remanded the judgment of dismissal in Cause No. 3017. Mandate was issued in that cause out of this Court on September 30, 1955, and when this mandate was received by the trial judge, as shown by his statement above set out, he entered an order declaring the judgment in Cause No. 3002 to be final. The statement of the court shows that he was unwilling to hold Guerra guilty of contempt for his failure to obey the judgment in Cause No. 3002 prior to the time the trial judge had declared such judgment final, even though as a matter of law it had become final sometime previously.

From the above, it appears that the trial court has heard and determined the contempt proceeding by rendering a judgment finding Guerra not guilty of contempt of court.

Relator contends that this judgment is void because the court did not permit it to put on its evidence. A contempt hearing is not void if the court has jurisdiction of the parties and the subject matter where the judgment is one of acquittal, even though it might be erroneous. Ex parte Tyler, 152 Tex. 602, 261 S.W.2d 833. It is true that a judgment finding a party guilty of contempt not committed in the presence of the court and not supported by any evidence is void and may be collaterally

832

attacked. Ex parte J. M. Bethurum, Tex., 272 S.W.2d 85. Here we do not have a judgment of conviction but one of acquittal.

■■■ This petition is admittedly filed under the authority given us in Art. 1824, Vernon's Ann.Civ.Stats., to require a judge to proceed to trial and judgment in a cause pending in his court where he has refused to do so. Under this article we have no authority to correct an alleged error in a judgment rendered by the trial court. Such error must be corrected by appeal if at all. In contempt proceedings there is no appeal provided for, so we do not have jurisdiction to correct errors allegedly committed by trial courts on such hearings.

It has definitely been held that the only relief from a judgment of conviction in a contempt proceeding in the trial court in a civil case is an original proceeding by habeas corpus in the Supreme Court of this State. In Tims v. Tims, Tex.Civ.App., 204 S.W.2d 995, the Court said:

"It has been the well settled law of this State since the decision by the Supreme Court of the case of State v. Thurmond, 37 Tex. 340, that no juris-diction is vested in the appellate courts directly to review a contempt proceeding. The only manner in which such a proceeding and judgment thereon can be reviewed is by means of habeas corpus. Hudgens v. Yancey, Tex.Civ. App., 284 S.W. 347; Borrer v. State, Tex.Cr.App., 63 S.W. 630; Lawley v. State, 117 Tex.Cr.R. 14, 36 S.W.2d 1035, and cases there cited."

See also Mitchell v. Mitchell, Tex.Civ.App., 266 S.W.2d 252; Ex parte Smart, 152 Tex. 229, 256 S.W.2d 398; Ex parte Tyler, 152 Tex. 602, 261 S.W.2d 833; Padfield v. Mc-Intosh, Tex.Civ.App., 267 S.W.2d 224.

Inasmuch as the trial court has proceeded to judgment in the contempt proceedings here involved, we find it unnecessary to pass upon the question of whether we have original jurisdiction under Art. 1824, supra, to order a trial court to proceed to trial and final judgment in contempt proceedings growing out of the violation of a judgment in a cause that has not been appealed and now can never be appealed to this Court.

The petition for a mandamus is overruled.