**W. E. MITCHELL, Appellant,**

v.

**Lillie Jane LANE, Appellee.**

No. 15746.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 5, 1956.

Juliet M. Sedberry, Fort Worth, for appellant.

No representation or brief for appellee.

PER CURIAM.

In 1940, W. E. Mitchell was divorced from Louise Mitchell, and in the judgment the former was ordered to pay $12 per month for the support of the minor child of the parties until said child reached the age of 16 years. In 1954, Mitchell was cited for contempt because of his nonpayment of any amount pursuant to the order. Upon hearing Mitchell was adjudged in contempt and the sum of $1,872 was directed to be paid in specific installments to the Child Support Officer for Tarrant County. It was further provided that Mitchell should be placed in jail if he defaulted in making the payments. In the same order the Child Support Officer was directed to pay any sums received direct to

Lillie Jane Lane, the child's maternal grandmother, who had reared the child, then over the age of 16 years. Nearly a year later, in 1955, Mitchell filed a petition to set aside the 1954 contempt order, asserting various grounds therefor, and naming as a party in the case Mrs. Lillie Jane Lane. A hearing was held in the trial court and an order was entered denying any relief. From this order Mitchell seeks to appeal to this court.

▉ Quære: May a party held in contempt of court because of arrears in child support payments ordered pursuant to a decree of divorce file a petition for relief therefrom in the trial court, and, if relief denied, appeal to the Court of Civil Appeals?

Answer: No. It is well settled that in Texas no appeal lies to review an adjudication of contempt in an original contempt proceeding. Hudgens v. Yancey, 1926, Tex.Civ.App., Fort Worth, 284 S.W. 347; Padfield v. McIntosh, 1954, Tex.Civ.App., Fort Worth, 267 S.W.2d 224, writ dism., and cases cited. We see no distinction to be made as result of the appeal having been brought from a subsequent order refusing to grant any relief from the original contempt judgment.

Appeal dismissed.