Ex parte HENDERSON, Appellant.

A. L. HENDERSON, Appellant,

v.

Carolynne M. HENDERSON, Appellee.

Nos. 6096, 6097.

Court of Civil Appeals of Texas.

Beaumont.

March 7, 1957.

Baldwin & Goodwin, Beaumont, for appellant.

Harold Peterson, Beaumont, for appellee.

R. L. MURRAY, Chief Justice.

A. L. Henderson is the appellant in these two appeals from two district courts of Jefferson County, and at the request of and on motion of both parties to the controversies, the appeals were consolidated and presented together.

In Cause No. 6097, in which A. L. Henderson is the appellant and Carolynne M. Henderson, his former wife is the appellee, the appellant was adjudged guilty of contempt because of his failure and refusal to make child support payments in accordance with a decree of divorce rendered in the state of Mississippi, June 29, 1953. In the suit filed upon such judgment in the district court of Jefferson County, after due notice and a hearing, the appellant was held in contempt and committed to the county jail of Jefferson County until he shall purge himself of contempt by paying

the sum of $3,100 as child support payments to the Jefferson County Child Support Office, he being adjudged in arrears in his payments in that amount. This judgment was rendered and entered August 16, 1956. Thereafter on August 28, 1956, in the same case, the same court, at the request of the appellant, A. L. Henderson, conducted a hearing on the question of appellant's ability to pay the sum of money directed in the judgment. The court found that the appellant was well able to pay this sum of money and found that he should continue to be restrained in the county jail of Jefferson County as set forth in the original judgment of August 16, 1956. On September 7, 1956 appellant gave notice of appeal to this court from said judgment of contempt. He has later, by filing a transcript in this court, attempted to appeal from said judgment.

We use the word "attempted" advisedly for the reason that our appellate jurisdiction does not extend to judgments of contempt. The only manner in which such procedure and judgment can be reviewed is by means of a collateral attack by means of a habeas corpus proceeding. See: Mitchell v. Mitchell, Tex.Civ.App., 266 S.W.2d 252; Tims v. Tims, Tex.Civ. App., 204 S.W.2d 995, writ refused.

In Cause No. 6097, A. L. Henderson vs. Carolynne M. Henderson, the appeal is dismissed for want of jurisdiction in this court.

The companion case, No. 6096, Ex parte Henderson, Appellant, is an appeal from a judgment in the Criminal District Court of Jefferson County in a habeas corpus proceeding. On August 30, 1956, the appellant, A. L. Henderson, sought release by habeas corpus from confinement in the county jail of Jefferson County by virtue of the judgment and order of commitment noted above in the contempt proceeding. In his application for writ of habeas corpus in the instant case, the appellant contended that such order of judgment or order was void for the following reasons: (1) the testimony at the hearing in said case was not transcribed by a court reporter; (2) the Mississippi judgment sued upon in the contempt proceedings was not properly proved in that the certified copies of the judgment and other orders were not properly authenticated. Also, in the alternative, in said application, the appellant says that if it appears that said decrees and judgment of contempt are not void, that he should be released from the part of the order which requires him to pay the sum of $3,100 to purge himself of contempt, because the evidence shows that he was unable to pay such sums, and that such a judgment is tantamount to a life sentence for him. To his petition he attached copies of the proceedings in the contempt case filed and heard, including the petition, with attached exhibits, the order to show cause, the citation and return, docket sheet notations, judgment and order of August 16, 1956, and his original answer.

The parties at the time of the hearing on the application of habeas corpus, August 30, 1956, in the Criminal District Court of Jefferson County, entered into the following stipulations:

"Comes now your petitioner, A. L. Henderson, by and through W. J. Baldwin, one of his attorneys herein, and also comes now C. H. Charley Meyer, Sheriff of Jefferson County, Texas, Respondent herein, by and through Harold Peterson, his attorney in this proceeding, and on this 30th day of August, 1956, prior to the introduction of any evidence herein, do stipulate and agree as follows, to-wit:

(1) That writ of habeas corpus was duly issued on August 30, 1956, in this cause;

(2) That due and proper service thereof upon C. H. Charley Meyer, Sheriff of Jefferson County, Texas, has been had;

(3) That due and proper return has been made upon such writ by the said C. H.

Charley Meyer, Sheriff of Jefferson County, Texas;

(4) That the said C. H. Charley Meyer, Sheriff of Jefferson County, Texas, has in his custody and under his restraint the said A. L. Henderson, as stated in the petition of the said A. L. Henderson; that he took and now detains the said A. L. Henderson by virtue of the authority of writ of commitment issued by the clerk of the District Court of Jefferson County, Texas, on August 16, 1956, in accordance with judgment of the Court dated August 16, 1956, in Cause No. D-70,136, District Court, Jefferson County, Texas, styled Carolynne Marlin Henderson vs. A. L. Henderson, and in accordance with said judgment, dated August 16, 1956, copy of which was then delivered to him;

(5) That prior to the introduction of any evidence herein the said C. H. Charley Meyer did produce the said A. L. Henderson before the Court in compliance with the Court's order to do so, such order being dated August 30, 1956;

(6) That all matters in connection with the issuance of the writ, the service and return of same and return of same and the regularity and validity of the commitment under which the said A. L. Henderson has been, and is being, detained, are in due and proper form and in accordance with law, and any irregularities therein are hereby waived in all things;

(7) That the parties by and through their attorneys stipulate and agree that it is their intention herein to confine the inquiry of the Court on this hearing to the question of whether or not the judgment of the Court entered in said Cause No. D-70,136 on August 16, 1956, and the order of the Court entered in said Cause on August 28, 1956, form a valid basis for the detention of the said A. L. Henderson by the said C. H. Charley Meyer, Sheriff of Jefferson County, Texas; in this connection it is understood and agreed that petitioner does not waive his right to as-

sert the invalidity of said judgment of August 16, 1956, on the grounds that no record of the testimony was made at such hearing held on such date by the Court, it being the petitioner's position that the failure to make a record of the testimony on such date renders such judgment void and of no effect;

(8) It is further stipulated and agreed that a copy of this instrument shall be presented to the Court for approval prior to the introduction of evidence herein and shall be considered by the Court in all things in connection with hearing on petitioner's application for writ of habeas corpus."

The Court entered the following judgment:

"This day came on to be heard before me the application for Writ of Habeas Corpus against C. H. Charley Meyer, Sheriff of Jefferson County, Texas, and the respondent, C. H. Charley Meyer, having made due return of said writ of habeas corpus herein served upon him and having produced before me the person of the said A. L. Henderson, I proceeded to hear the application. And after having examined the writ and the return of the respondent, C. H. Charley Meyer, and all the papers and documents attached thereto and having heard the testimony offered on both sides, I am of the opinion that the said A. L. Henderson is legally held in custody and under restraint of his liberty by the said respondent, C. H. Charley Meyer.

"It is therefore Ordered, Adjudged and Decreed that the relief sought for by relator, A. L. Henderson, in his application for writ of habeas corpus which has been duly heard be denied and that his release under the contempt order and the contempt judgment as herein entered be denied, and that the said A. L. Henderson be and is now hereby remanded into the custody of the said respondent, C. H. Charley Meyer, Sheriff of Jefferson County, Texas, until he purges himself of said contempt judg-

ment, to which action of the Court the relator, A. L. Henderson, in open court then and there excepted to the Court's order and to such contempt order, decree and judgment of contempt insofar as it relates to the relator, A. L. Henderson, being held in contempt of Court, until he pays into the Child Welfare Bureau of Jefferson County, Texas, the sum of $3,100 and his failure to pay the sum of $3,100 into the County Child Support Office of Jefferson County, Texas, and relator, A. L. Henderson is remanded to the custody of the Sheriff of Jefferson County, Texas, under said contempt order above set out, to which action of the Court, the relator, A. L. Henderson, in open court excepted to said order, action of the Court and the decree of contempt and judgment of contempt entered by Honorable Owen M. Lord, Judge Presiding, on said hearing, and Relator, A. L. Henderson, gives notice of appeal from this Honorable Court's order, judgment and ruling of contempt as to that part of said contempt order which holds Relator for failure to pay the $3,100.00 into the office of Child Welfare of Jefferson County, Texas, to which Court of Civil Appeals for the 9th Supreme Judicial District of Texas at Beaumont, Texas.

"On request of Relator the Court here now fixes Relator's bond on appeal in the sum of $2,000.00.

"*Entered and entered* this 30th day of August, 1956.

> "Owen M. Lord
> "Judge Presiding."

Appellant has posted the bond required in the above judgment and has been released from custody, pending the appeal since the date of the approval of the bond, August 30, 1956.

■ Appellant has brought his appeal to this Court from such order and judgment denying him release from custody under two points of error. The appellant's attempted appeal from the judgment in the contempt proceeding and his appeal from the order and judgment in the habeas corpus proceeding were briefed together by him. Since we have concluded, as stated above, that this Court is without jurisdiction to consider his direct appeal from the contempt judgment, the appellant has before us only his appeal from the Habeas Corpus judgment and is necessarily in the position on this appeal of having the burden of showing that the judgment in the contempt proceeding was void. See Ex parte Adair, Tex.Civ.App., 222 S.W.2d 324; Ex parte Helms, 152 Tex. 480, 259 S.W.2d 184; Ex parte Kollenborn, 154 Tex. 223, 276 S.W.2d 251. It was obvious from the record before the Judge hearing the habeas corpus proceeding that the appellant was held in the county jail of Jefferson County by the Sheriff of Jefferson County in accordance with the judgment of the District Court of said county. Unless upon such habeas corpus hearing the appellant demonstrated by the record of that proceeding made on the hearing that the contempt judgment was void, then the judgment of the trial court must be affirmed.

■ As to the appellant's first contention that the failure to have the testimony reported by a court reporter and transcribed, at the time of the hearing on the contempt proceeding rendered the judgment void we are cited to no authority in support of this contention and do not believe that it can be sustained. The evidence shows that when the appellant was first served with notice of the hearing he consulted an attorney who advised him to appear for the hearing without a lawyer and suggested that he probably would fare better without the services of a lawyer than with one in such a case as this. It is a matter of speculation whether, if he had the services of a lawyer in that proceeding, the record of the testimony would have been taken and preserved for an appeal. Appellant had other ways of securing a statement of facts, when the testimony was not taken down by a reporter, but he has made no effort to do so. At any rate, shortly after the hearing and

judgment, he secured the services of a lawyer and at his request the court conducted another hearing on August 28, 1956, on the appellant's ability and inability to pay the past due payments for child support. This testimony was reduced to writing by a court reporter, and by the stipulation of the parties the testimony taken at the August 28th hearing was introduced in evidence at the habeas corpus hearing. This evidence will be discussed later in this opinion.

■ In his brief the appellant, by his first point, says that the trial court erred in rendering both judgments committing him to the county jail until he had purged himself by paying the $3,100 and also punishing him by a fine of $500 and three days in jail. Under this point the appellant admits that the trial judge had jurisdiction to enter the order and concedes that the trial judge had the power to adjudge him in contempt of the Mississippi court, assessing his punishment therefor at a $100 fine and three days confinement in the county jail, and further to direct that he be restrained in jail until he fully complied with the terms of the Mississippi court judgment and pay all costs of the proceeding, including such attorney's fees that might be adjudged. The appellant suggests, however, that a fair construction of the court's judgment in the case at bar is that appellant might, if financially able to do so, be discharged from jail by paying the $3,100 to the Child Welfare Bureau for the benefit of his children; that on the other hand, if he could not thus demonstrate his willingness and ability to comply with the Mississippi court decree he was required to remain in jail only for the three days prescribed by statute and pay the $100 fine and the court costs, and he shows the Court that he served more than three days in jail, in fact remained fourteen days in jail. We do not agree with the appellant in his modest construction of the effect of the Court's judgment. We think it is made clear from reading the entire decree that the judgment found the appellant in contempt and assessed his punishment at

the fine and jail sentence, and further decreed that he should be further confined until he purged himself by paying the sum of money stated in the judgment for the support of his children. A similar judgment was upheld and so construed in Ex parte Adair, supra. The appellant's first point is overruled.

■ Under his second point, the appellant contends that it appeared from the record made and the evidence in the habeas corpus hearing that he is without ability to perform the act required by the Court. In his brief he quotes from the evidence in the habeas corpus hearing and at the August 28th hearing, and says that this evidence was conclusive as to his inability to pay. It must be conceded that the testimony of the appellant himself and of his present wife, if accepted and believed in toto by the trial court as the trier of the facts, did show that he has been in better financial condition than he was at the time of the contempt proceeding. However, the trial court was not bound to accept as true all the testimony advanced by the appellant, and the opposing counsel was able to show attendant facts and circumstances which cast serious doubt upon the testimony adduced by him and upon his good faith, and the efforts to make the payments he was required to make for the support of his children now in custody of his divorced wife. We will not go into a detailed discussion of the facts brought out on the trial, but in support of the trial court's judgment we note that there was evidence as follows:

A friend paid or agreed to pay appellant's attorney's fee in this matter in the sum of $500; he had a few dollars in the bank; he belonged to a Club; he and his wife owned two cars, one a 1950 Chrysler Coupe and the other a 1956 Chevrolet Station Wagon on which he is paying $79 per month; he was living in a $20,000 home which he had purchased after the divorce from his former wife and upon which considerable improvements and expenditures were made during the very period in which

appellant had failed to pay the child support payments as to which he had been held to be in contempt. Appellant apparently claimed to the Federal Government that the home was community property and exempt from its claim against his wife; in the evidence of August 28, 1956, he tried to show that all of the money that went into it was his wife's money. In a previous Federal Court suit he claimed a $7,500 note there in controversy was his and that he paid his wife for the transfer of it. Here, he took the position that this note and obligation did not belong to him in any way although he said in the previous suit that he had paid her face value for the note. Also, it appears by his own admission that he had purchased carpets, silver, furniture, drapes and other items for his house as well as making improvements thereon in exchange for the note which he would not surrender to the appellee. The appellant was previously held in contempt in regard to payments for child support in Mississippi. He and his present wife are earning approximately $640 per month and the payments on his house amount to $119 per month.

We are unable to agree with the contention of the appellant that he had not the burden of showing conclusively that he is unable to perform the judgment. The fact situation on the date of the contempt hearing is the determinative time on which must be based the appellant's ability to pay. Even though the above brief summary of the evidence which supports the trial court's judgment is not a complete record of all the evidence heard by the trial court in the original contempt proceeding (we must presume that there was other and sufficient evidence there presented to support the court's judgment), still we think it sufficient to support the trial court's finding that the appellant owns assets and valuable properties, and is well able to pay and should pay the amount set forth in the judgment.

It is not within the power of this court upon review to evaluate and weigh the evidence which was produced before the trial court. The only function of the appellate court on such an appeal as this, when the proceedings are otherwise regular, is to determine whether the appellant has shown that the judgment in the contempt proceeding was void for lack of evidence. We have concluded that this appellant has failed to do so and the judgment of the trial court must be affirmed.