Verna Glenn BLAIR, Appellant,

v.

Douglas G. BLAIR, Appellee.

No. 16796.

Court of Civil Appeals of Texas.
Dallas.

Oct. 21, 1966.

Pat McDowell, Dallas, for appellant.

Clyde, Hines & Craig and Wallace S. Craig, Fort Worth, for appellee.

DIXON, Chief Justice.

Verna Glenn Blair has attempted to appeal from an order of the Juvenile Court of Dallas County, Texas, denying a motion to hold in contempt her former husband, Douglas G. Blair, for failure to pay child support.

The parties were divorced on August 8, 1949 and Douglas G. Blair was ordered to pay ten dollars per week as child support

until their child should reach the age of sixteen years. There has been no modification of the child support order.

On November 8, 1965 Verna Glenn Blair filed a motion to hold the father in contempt for failure to pay child support as ordered by the court. She alleged that the father was $7,800 in arrears in his payments. The court set the motion for hearing for December 16, 1965.

On the last named date the parties appeared in court in person and by their attorneys and announced ready for trial. The court considered the pleadings, the affidavits and other facts made known to the court, then denied the motion. The court's reasons for so holding, as recited in the order, are as follows:

"* * * the Court is of the opinion that as a matter of law that it does not have authority to hold the defendant in contempt of Court for failure to pay child support to the plaintiff when the hearing on such contempt motion brought to hold the defendant in contempt of Court for said failure to pay child support to plaintiff is had at a time after the minor child made the subject of the child support order has reached the age of eighteen years;

"It is therefore accordingly ORDERED, ADJUDGED AND DECREED by the Court that plaintiff's motion for contempt herein is denied for the reason that the hearing hereon of December 16, 1965, is after the eighteenth birthday of the minor child made the subject of the custody order heretofore entered by this Court."

Verna Glenn Blair excepted to the ruling of the court and gave notice of appeal to the Court of Civil Appeals.

It is conceded that the motion seeks only to hold the father in contempt for his failure to make payments which became due prior to the time the child reached the age of eighteen years.

In her first point on appeal Verna Glenn Blair asserts that the order in controversy is a final judgment, therefore we have jurisdiction of the appeal. Douglas Blair in his appellee's brief does not attack the appeal on the grounds of jurisdiction. In fact, in oral argument counsel for the father conceded that this court does have jurisdiction of the appeal.

■ Nevertheless, the question of jurisdiction is fundamental in nature and we cannot ignore it. We have concluded that the record shows on its face that we do not have jurisdiction of the appeal. Mitchell v. Mitchell, Tex.Civ.App., 266 S.W.2d 252; Ex parte Henderson, Tex.Civ.App., 300 S.W.2d 189, 190.

In the above cases the parties attempting to appeal had been held in contempt and sentenced to jail. In both instances it was held that a judgment of contempt was not appealable—the complainants' only remedy being by application for a writ of habeas corpus.

■ In the instant case the motion for contempt was denied. A release from jail is not involved, so the remedy of habeas corpus is not applicable. But the order of the court is not appealable. Appellant's remedy, if she has one, is by mandamus. Allen v. Woodward, 111 Tex. 457, 239 S.W. 602, 22 A.L.R. 1253; Gierczic v. Gierczic, Tex.Civ.App., 382 S.W.2d 495 (no writ hist.); Rushing v. Bush, Tex.Civ.App., 260 S.W.2d 900; Rosenfield v. Campbell, Tex. Civ.App., 276 S.W. 728; 12 Tex.Jur.2d 535.

In Allen v. Woodward, supra, our Supreme Court held that mandamus would lie in a case where a district judge denied a motion for contempt on the ground that he was without authority to grant the order.

■ We are not here deciding the question whether the Judge of the Juvenile Court has the authority to pass on the motion for contempt under the circumstances presented in this case. We are simply holding that the order complained of is not appealable, therefore the appeal must be dismissed.

Appeal dismissed.