**Billie R. Townes LAMKA, Appellant,**

v.

**Robert L. TOWNES, Jr., Appellee.**

**No. 8099.**

Court of Civil Appeals of Texas,
Amarillo.

Feb. 22, 1971.

Rehearing Denied March 22, 1971.

Herbert C. Martin, Amarillo, for appellant.

Harris E. Lofthus, Amarillo, for appellee.

REYNOLDS, Justice.

Appellant initiated contempt proceedings against appellee for non-payment of child support ordered to be paid by a prior order of the trial court. At the hearing of the contempt complaint, the trial judge found appellee in contempt for failure to pay $140.00 child support arrearage, assessed a fine of one dollar, and ordered him confined until the fine, the arrearage and all costs were paid. Appellant, being dissatisfied with the amount of arrearage found to be due, gave notice of appeal to this Court.

Appellant and appellee have briefed and argued their respective contentions, but neither party raised the issue of the jurisdiction of this Court to entertain the purported appeal.

It is without dispute that this case involves an attempted appeal from a contempt proceeding. Since the 1872–73 term of our Supreme Court when the case of State v. Thurmond, 37 Tex. 340, was decided, it has been the law of this State that no jurisdiction is vested in the appellate courts directly to review a contempt proceeding. Tims v. Tims, 204 S.W.2d 995 (Tex.Civ.App.—Amarillo 1947, writ ref'd); Starr County v. Laughlin, 283 S.W.2d 830 (Tex.Civ.App.—San Antonio 1955, no writ); Gierczic v. Gierczic, 382 S.W.2d 495 (Tex.Civ.App.—Houston 1964, no writ). Although the matter of the jurisdiction of this Court was not raised by the parties, it is fundamental and we may not ignore it. Blair v. Blair, 408 S.W.2d 257 (Tex.Civ.App.—Dallas 1966, no writ). Consequently, the order complained of is not appealable, and the appeal must be dismissed for want of jurisdiction.

Appeal dismissed.