CINE–MATICS, INC., et al., Appellants,

v.

The STATE of Texas, Appellee.

No. 12851.

Court of Civil Appeals of Texas, Austin.

Feb. 28, 1979.

Mike Aranson, Dallas, for appellants.

John L. Hill, Atty. Gen., Gerald C. Carruth, Asst. Atty. Gen., Austin, for appellee.

PHILLIPS, Chief Justice.

This is an appeal by Cine-Matics, Inc., and three of its officers and directors from a default judgment by which they were held in contempt. By the terms of the judgment Cine-Matics was fined $500 for the contempt and also ordered to pay $60,000 for having unlawfully transacted business in this state without a certificate of

authority.[1] In addition, Cine-Matics was ordered to pay all overdue franchise taxes, penalties and interest.

Cine-Matics is a Georgia corporation. In July, 1974, it was permanently enjoined from conducting business in Texas without being legally incorporated or admitted under proper certificate of authority. Appellant then obtained a certificate of authority, which was subsequently forfeited on March 21, 1977, for nonpayment of franchise taxes.

Appellee alleged in a show cause hearing that appellant corporation had continued to transact business after forfeiture of its certificate of authority, and was, therefore, in violation of the 1974 injunction. Appellants did not appear and were held in contempt and fined the above-mentioned amounts.

Rule 692 of the Texas Rules of Civil Procedure authorizes an order of contempt where a party has disobeyed an injunction. The "judge may issue a show cause order, directing and requiring such person to appear on such date as may be designated and show cause why he should not be adjudged in contempt of court." Id. A district court is empowered to punish a contempt by a fine of not more than $500, or by confinement in county jail for up to six months, or both. Tex.Rev.Civ.Stat.Ann. art. 1911a, § 2(a) (Supp.1978).

## I.

The principal issue in this case concerns the sufficiency of notice furnished to appellants of the show cause hearing. Notice was served on appellants' attorney as directed by the court. Service was executed one month prior to the time of the show cause hearing.

In our opinion the imposition of the $60,-000 judgment against Cine-Matics and the liability for franchise taxes, penalties and interest should be considered separate from the contempt order and $500 fine. Each of the assessments listed in the first group was made pursuant to Texas Business Corporation Act Ann. art. 8.18C (1956). The $60,-000 forfeiture represented a total of $5,000 for each of twelve months that Cine-Matics transacted business in Texas without a certificate. Article 8.18C specifically provides that ". . . the Attorney General shall bring suit to recover all amounts due this State under the provisions of this section." Id.

■ Article 8.18C requires a new suit be filed to recover these amounts, and, therefore, the relaxed rules of service allowed for a show cause hearing for contempt are not applicable. The permitted methods for service of process in a new suit are found in two different statutes. See Tex.Rev.Civ. Stat.Ann. art. 2031b (1964) and Tex.Bus. Corp.Act Ann. art. 8.10 (1956). Service on the corporation's attorney would be unlawful unless it were affirmatively shown that the attorney was authorized to accept service for the corporation. See White Motor Co. v. Loden, 373 S.W.2d 863 (Tex.Civ.App. 1963, no writ); Texaco, Inc. v. McEwen, 356 S.W.2d 809 (Tex.Civ.App.1962, writ ref'd n. r. e.). No such showing was made in this case. For this reason, the portion of the court's order which assessed a liability for overdue franchise taxes, penalties and interest, and which ordered a forfeiture of $60,000 is reversed. See also Beverly v. Roberts, 215 S.W. 975 (Tex.Civ.App.1919, no writ).

## II.

We turn next to a consideration of the validity of the court's order of contempt against all appellants and the $500 fine for contempt imposed upon Cine-Matics. Again, the challenge to the court's judgment is based upon the lack of notice of the show cause hearing.

■ It is a settled rule that the only method for review of a contempt proceeding is by habeas corpus, and an appeal from an order of contempt is not authorized. E.

1. The three officers and directors were held in contempt, but the judgment did not impose any fines on them.

**532**

g., *Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890 (1956); *Henderson v. Henderson,* 300 S.W.2d 189 (Tex.Civ.App.1957, no writ); *Tims v. Tims,* 204 S.W.2d 995 (Tex. Civ.App.1947, writ ref'd).

 In the present case, none of the appellants was ordered imprisoned and may not, therefore, attack the contempt order by habeas corpus. See *Deramus v. Thornton,* 160 Tex. 494, 333 S.W.2d 824 (1960). As a result, appellants are placed in the unfortunate position of being denied the right of appeal and, at the same time, precluded from using the remedy of habeas corpus. For this reason, the long-standing rule forbidding a direct appeal from an order of contempt has been questioned. See *Doss v. Doss,* 521 S.W.2d 709 (Tex.Civ.App.1975, no writ); *Garcia v. Garcia,* 469 S.W.2d 920 (Tex.Civ.App.1971, no writ) (concurring opinion).

The Texas Supreme Court has indicated that the traditional rules surrounding review of contempt proceedings might not be followed under certain circumstances. In *Deramus v. Thornton, supra,* it was stated:

> "We are not to be understood as saying, however, that there may not arise conditions involved in contempt matters where the writ of habeas corpus would not be adequate and where mandamus would be the proper remedy."

Nevertheless, the rule has been adhered to in numerous cases, and the appeals dismissed for want of jurisdiction, even though the appellant was not imprisoned, and, thus, had no remedy. See *McCoy v. Fleming,* 567 S.W.2d 589 (Tex.Civ.App.1978, no writ); *Stephens v. Stephens,* 543 S.W.2d 686 (Tex. Civ.App.1976, no writ); *Doss v. Doss, supra; Garcia v. Garcia, supra; Grace v. McCrary,* 390 S.W.2d 397 (Tex.Civ.App.1965, writ dism'd); *Padfield v. McIntosh,* 267 S.W.2d 224 (Tex.Civ.App.1954, writ dism'd); *Tims v. Tims, supra.* It would be inappropriate for this Court to alter such a long-standing rule. This part of the appeal is dismissed for want of jurisdiction.

Consequently, we reverse that portion of the judgment allowing for the forfeiture and liability and render judgment that the State take nothing. We dismiss that part of the appeal complaining of the contempt judgment and $500 fine.