## TEXAS DEPARTMENT OF HUMAN RESOURCES, Appellant,

v.

## Joseph Claude HEBERT, Appellee.

### No. 6359.

Court of Civil Appeals of Texas, Waco.

Aug. 28, 1981.

Lewis F. Boyd, Texas Dept. of Human Resources, Austin, for appellant.

Joseph Claude Hebert, pro se.

Steven A. Neal, Fairfield, amicus curiae.

### OPINION

McDONALD, Chief Justice.

This is an attempted appeal by Texas Department of Human Resources from a commitment order finding Hebert in contempt.

Hebert and his former wife were divorced August 31, 1979. The divorce decree ordered him to make child support payments of $300.00 per month. He failed to make such payments timely and in sufficient amount, and contempt proceedings were instituted by the Texas Department of Human Resources. The trial court found on June 19, 1980, Hebert was $1,640.00 in arrears and ordered him confined in jail for 72 hours and thereafter until he purged

himself by making such back payments, but further provided his confinement for contempt was suspended on condition he pay $150.00 in current support semi-monthly, $25.00 semi-monthly on the arrearage and costs. Hebert failed to pay thusly and the Texas Department of Human Resources filed a motion to revoke the contempt suspension. After hearing the trial court revoked the suspension; ordered Hebert to pay "$50.00 child support unpaid under the last order" [plus court costs in the present and prior proceeding plus $150.00 attorney's fees] and further provided that the order serve as authority for the Sheriff to proceed to commit Hebert.

The Texas Department of Human Resources appeals on 2 points asserting the trial court erred and abused its discretion by reducing child support arrearages under the terms of the prior order from $1,640.00 to $50.00.

 The order appealed from was a order holding Hebert in contempt. The recitations finding Hebert in arrears in the amount of $50.00 was not a modification of the earlier order, but at most a finding that such sum was the amount that he had wrongfully not paid. This court has no jurisdiction of an appeal from a contempt proceeding. *State v. Thurmond*, S.Ct., 37 Tex. 340; *Tims v. Tims*, CCA (Amarillo) Er.Ref. 204 S.W.2d 995; *Garrison v. Garrison*, CCA (Austin) NRE, 544 S.W.2d 797; *Horne v. Harwell*, CCA (Austin) NRE, 533 S.W.2d 450; *Blair v. Blair*, CCA (Dallas) NWH, 408 S.W.2d 257; *Gierczic v. Gierczic*, CCA (Houston) NWH, 382 S.W.2d 495; *Gonzales v. Gonzales*, CCA (El Paso) 533 S.W.2d 480; *McCoy v. Fleming*, CCA (Ft. Worth) NWH, 567 S.W.2d 589; *Cine-Matics, Inc. v. State*, CCA (Austin) NWH, 578 S.W.2d 530.

The Texas Department of Human Resources' points are overruled.

Appeal dismissed for want of jurisdiction.

APPEAL DISMISSED.